**In re MULTI–PIECE RIM PRODUCTS LIABILITY LITIGATION.**

**No. 362.**

Before the Judicial Panel on Multidistrict Litigation.

Jan. 18, 1979.

OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD *, EDWIN A. ROBSON *, STANLEY A. WEIGEL, ANDREW A. CAFFREY *, ROY W. HARPER, and CHARLES R. WEINER, Judges of the Panel.

* Judges Weinfeld, Robson and Caffrey did not participate in the decision of this matter.

PER CURIAM.

## I. BACKGROUND

This litigation consists of nineteen actions pending in fourteen federal districts. The distribution of these actions is as follows:

| | |
|---|---|
| Western District of Missouri | 4 |
| Northern District of Alabama | 2 |
| Eastern District of Michigan | 2 |
| Western District of Kentucky | 1 |
| District of Maryland | 1 |
| District of Massachusetts | 1 |
| Southern District of Mississippi | 1 |
| District of Nevada | 1 |
| District of New Hampshire | 1 |
| District of Oregon | 1 |
| Western District of Tennessee | 1 |
| Northern District of Texas | 1 |
| Southern District of Texas | 1 |
| Southern District of West Virginia | 1 |

These actions have all been brought to recover compensation for personal injuries or wrongful death allegedly resulting from, among other causes, the failure and separation of a multi-piece truck wheel (rim and tire assembly). The complaints in eighteen of these actions allege that a multi-piece rim assembly separated under pressure and flew apart with explosive force during tire inflation, mounting of an inflated wheel on a vehicle, or removal of an inflated wheel from a vehicle. Plaintiffs or plaintiffs' decedents in these eighteen actions were individuals who were in the proximity of the wheel when it separated, either as service persons or bystanders. The complaint in the nineteenth action (the Oregon action) alleges that a multi-piece rim assembly separated during operation of the vehicle on which the rim was being used, causing the vehicle to go out of control and strike an oncoming vehicle containing plaintiff and plaintiff's decedent. In each action, one or more of the following four manufacturers of multi-piece rim components are named as defendants: Firestone Tire and Rubber Co. (fourteen actions), Goodyear Tire and Rubber Co. (eight actions), Kelsey-Hayes Co. (three actions) and Redco Corp. (one action). Either Firestone or Goodyear is a defendant in every action. Besides the four manufacturers of multi-piece rim components, 21 other defendants are named in these actions, nineteen of which are named in only one action and two of which are named in two actions. These additional defendants include, in specific actions, the manufacturer of the tire which was included in the wheel assembly; the employers of plaintiff or plaintiff's decedent; and the manufacturers and/or owners of the vehicle on which the wheel was located.[1]

---

1. A summary of the specific type of accident alleged and the defendants named in each of the nineteen actions follows:

| Name of Action | District | Type of Accident | Defendants |
|---|---|---|---|
| Hale | W.D. Missouri | Rims separated during inflation, striking plaintiff and injuring him | Firestone |
| Goodwin | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking and killing plaintiff's decedent | Firestone, Goodyear |
| Butler | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | W.D. Missouri | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Firestone, plaintiff's employer |
| McGee | N.D. Alabama | Rims separated while wheel was being removed from a fork-lift, striking plaintiff and injuring him | Goodyear, tire manufacturer, fork-lift manufacturer, plaintiff's employers |

| | | | |
|---|---|---|---|
| Clayton | N.D. Alabama | Rims separated during inflation, striking plaintiff and injuring him | Firestone, Kelsey-Hayes |
| Mawby | E.D. Michigan | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Firestone |
| Johnson | E.D. Michigan | Rims separated after inflation, striking plaintiff and injuring him | Firestone |
| Henderson | W.D. Kentucky | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, tire manufacturer, truck manufacturer |
| Lantieri | D. Maryland | Rims separated while wheel was being mounted on a truck, striking plaintiff and injuring him | Goodyear, tire manufacturer |
| Barry | D. Massachussetts | Rims separated during inflation, striking plaintiff and injuring him | Firestone |
| Smith | S.D. Mississippi | Rims separated during inflation, striking plaintiff and injuring him | Firestone, Redco, tire manufacturer, plaintiff's employers |
| Olsen | D. Nevada | Rims separated during inflation, striking plaintiff and injuring him | Goodyear |
| Dupuis | D. New Hampshire | Rims separated during removal of a wheel from a truck, striking plaintiff and injuring him | Firestone |
| Petersen | D. Oregon | Wheel failed while vehicle was being driven, causing vehicle to go out of control and strike an oncoming automobile containing plaintiff and plaintiff's decedent | Firestone, tire manufacturer |
| Davis | W.D. Tennessee | Rims separated during inflation of a wheel mounted on a vehicle, striking and killing plaintiff's decedent | Firestone, Kelsey-Hayes |
| Brown | N.D. Texas | Rims separated while wheel was being mounted on a vehicle, striking plaintiff and injuring him | Goodyear, tire manufacturer, plaintiff's employers |
| Rodriguez | S.D. Texas | Rims separated during inflation of a wheel mounted on a vehicle, striking plaintiff and injuring him | Firestone, Goodyear |
| Walker | S.D. West Virginia | Rims separated while wheel was being mounted on a vehicle, striking and killing plaintiff's decedent | Goodyear, owners of vehicle |

Plaintiffs allege a number of theories of relief against the various defendants in these actions. The allegations against the manufacturers of multi-piece rim components generally concern defects in the design and manufacture of multi-piece rim components and failure to warn adequately of the risks involved with multi-piece rim assemblies. All parties agree that in some instances multi-piece rim components manufactured by different defendants can be used interchangeably.

In addition, the complaints in three of the Missouri actions (*Hale, Goodwin* and *Butler*) allege that Firestone and/or Goodyear 1) failed to advise the United States Department of Transportation of the hazards associated with use of multi-piece rims and intentionally minimized the frequency and severity of personal injuries caused by multi-piece rims in testimony before the Department of Transportation; 2) withheld information from and gave misinformation to the Department of Transportation concerning the feasibility of a recall and retrofit of multi-piece rims; 3) maintained a political slush fund to make illegal payments for the purpose of avoiding a recall of multi-piece rims; and 4) conspired with other manufacturers to withhold the dissemination of adequate safety warnings concerning multi-piece rims.

## II. PROCEEDINGS BEFORE THE PANEL

The Panel, pursuant to 28 U.S.C. § 1407(c)(i) and Rule 8, R.P.J.P.M.L., 78 F.R.D. 561, 566–67 (1978), ordered the par-

ties to show cause why eighteen of these nineteen actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings.[2] Plaintiffs in eleven actions (including plaintiffs in the three Missouri actions containing the additional allegations against Firestone and/or Goodyear) favor transfer. Plaintiffs in ten of these actions favor selection of the Western District of Missouri as the transferee forum. Plaintiff in the eleventh action has expressed no view on that issue. Plaintiffs in five actions and all defendants except one (which has not responded) oppose transfer. Plaintiffs in the other three actions have not responded. In the event transfer is ordered, Goodyear favors selection of the Northern District of Ohio as the transferee forum. In the event transfer is ordered, several opponents also request either that actions in which they are involved be excluded from transfer because pretrial proceedings in these actions are well advanced or that the claims against them be excluded from transfer because those claims are unrelated to the common factual issues involved in this litigation.

## III. DECISION OF THE PANEL

We find that these actions involve common questions of fact and that, with the exception of the Oregon and Mississippi actions, their transfer to the Western District of Missouri under Section 1407 for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[3]

2. An additional action included in the Panel's show cause order has been dismissed—*Super Tire Engineering Co. v. Goodyear, et al.,* D.New Jersey, C.A. No. 76–1546. Consideration of the question of transfer with respect to this action is therefore moot.

The parties have informed the Panel that another action included in the Panel's show cause order involves a single-piece rim rather than a multi-piece rim—*Milton John McLellan, et al. v. Columbus I–70 West Auto-Truckstop, Inc., et al.,* N.D.Illinois, C.A. No. 77–C–2585. This action was therefore excluded from the Panel's consideration of the question of transfer in this litigation.

The action pending in the District of Maryland (*Lantieri*) was not included in the Panel's

show cause order. Plaintiffs in *Lantieri,* however, requested the Panel to include *Lantieri* in the Panel's present consideration of the question of transfer in this litigation. Because the other parties to *Lantieri* are already before the Panel and have responded to the show cause order, we have included *Lantieri* in our present consideration.

3. Pursuant to Rule 10(e), R.P.J.P.M.L., *supra,* 78 F.R.D. at 568–69, Firestone and Goodyear are ordered to keep the clerk of the Panel informed of any potential tag-along actions in this litigation.

Opponents present the following primary arguments in opposition to transfer in this litigation:

1) The questions of fact involved in each action are primarily individual.

a) A diversity of multi-piece rim components produced by a diversity of manufacturers is involved. The design of these rim components, the interlocking mechanisms and the mounting and demounting procedures for the rims vary.

b) A diversity of parties is involved as plaintiffs and defendants. The factual situation with respect to most parties is individual to a single action.

c) The circumstances surrounding each accident primarily involve factual variables unique to that accident.

2) The factual aspects that may be shared by these actions with respect to the design and manufacture of multi-piece rim components are minimal in comparison to the unique issues involved in each action.

3) Discovery is progressing well in most of these actions, some of which have been pending for a long time, are well advanced in discovery, and are nearing readiness for trial. Transfer would merely delay pretrial and trial proceedings in these well advanced actions.

On the other hand, proponents of transfer maintain that all multi-piece rims are essentially the same, for purposes of this litigation, because they all operate on the same engineering principle of maintaining a delicate equilibrium among the multi-piece rim components in order to keep the rim components from separating and flying apart under inflation pressure. Proponents assert that the sources of discovery common to all actions include engineers familiar with multi-piece rim design, as well as documents and witnesses from the national trade association of tire and rim manufacturers. Several plaintiffs also contend that Firestone and Goodyear exchanged information concerning whether to distribute certain warning labels for use with multi-piece rims. In addition, several plaintiffs argue that defendants have concertedly suppressed evidence concerning the risks associated with the use of multi-piece rims.

We are persuaded that centralized pretrial proceedings under Section 1407 are appropriate in this litigation. We recognize that certain individual factual issues will be present in each action. Nevertheless, we are convinced that substantial common factual issues are present concerning the overall design of multi-piece rims, the state of knowledge within the industry of the risks involved with use of multi-piece rims, and the alleged failure of defendants to warn adequately of those risks. Centralization pursuant to Section 1407 is necessary in order to prevent duplication of discovery and eliminate the possibility of conflicting pretrial rulings concerning these common factual issues. *See In re The Upjohn Co. Antibiotic "Cleocin" Products Liability Litigation,* 450 F.Supp. 1168, 1170 (Jud.Pan. Mult.Lit.1978).

The transferee judge, of course, has the authority to group the pretrial proceedings on different discovery tracks according to the common factual issues or according to each defendant if necessary for the just and efficient conduct of the litigation, and to schedule any discovery unique to particular parties, actions or claims to proceed in separate discovery tracks concurrently with the common discovery, thus enhancing the efficient processing of all aspects of the litigation. *See id.* Moreover, no party need participate in pretrial proceedings unrelated to that party's interests. *See, e. g.,* Parts I and II, §§ 2.31, *Manual for Complex Litigation,* (rev. ed. 1977).

On the basis of the record before us, it appears that discovery has been completed in the Mississippi action and that discovery on all common factual issues in this docket has been completed in the Oregon action. Accordingly, transfer of these actions would not now be appropriate and they will therefore be excluded from our transfer order. *See In re The Upjohn Co. Antibiotic "Cleocin" Products Liability Litigation, supra,* 450 F.Supp. at 1170. Some parties have argued that additional actions are also sufficiently advanced to warrant

their exclusion from transfer.[4] We recognize that all actions are not at the same stage of discovery, but based on the information before us, we conclude that the remaining actions in this litigation will all benefit from transfer under Section 1407. We further decline all requests for the separation and remand of the claims against specific parties because we are unable to determine from the record presently before us whether any of those claims are sufficiently distinct to warrant their exclusion from the coordinated or consolidated pretrial proceedings. Although we are sensitive to the requests of these individual parties, we believe these requests should be addressed to the transferee judge following transfer. The transferee judge will be in the best position, in connection with the organization of the pretrial program in this litigation, to determine which, if any, actions or claims are susceptible to immediate separation and remand. *See In re Midwest Milk Monopolization Litigation,* 386 F.Supp. 1401, 1403 (Jud.Pan.Mult.Lit.1975). If and when the transferee judge determines that any action or claim is, in fact, ready for trial, or otherwise ready for remand because the common pretrial proceedings pertaining to that action or claim have been completed and the action or claim would no longer benefit from inclusion in the coordinated or consolidated pretrial proceedings, the transferee judge may suggest to the Panel that the Panel remand the action or claim to its transferor district. *See* 28 U.S.C. § 1407(a); Rule 11(c)(ii), R.P.J.P. M.L., *supra,* 78 F.R.D. at 569. *See, e. g., In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 453 F.Supp. 108 (Jud.Pan.Mult.Lit.1978). And, of course, any relevant common discovery heretofore completed in any action or actions may be made applicable to all actions by utilizing the procedures recommended in the *Manual for Complex Litigation, supra,* Parts I and II, § 3.11.

4. One of those actions is the *Walker* action in the Western District of Missouri. Since *Walker* is pending in the district we have selected as the transferee district for this litigation, we leave to the transferee judge the determination of whether or to what extent *Walker* should be

## IV. SELECTION OF THE TRANSFEREE DISTRICT

We find that the Western District of Missouri is the most appropriate transferee forum for this litigation. The Honorable William R. Collinson, through his supervision of the four actions now pending there and a prior related action, has already become familiar with the issues involved in this litigation and is therefore in the best position to supervise it to a just and expeditious conclusion. *See In re Gas Meter Antitrust Litigation,* 464 F.Supp. 391, —— (Jud.Pan.Mult.Lit.1979); *In re Griseofulvin Antitrust Litigation,* 395 F.Supp. 1402, 1403 (Jud.Pan.Mult.Lit.1975). In addition, because the actions presently before the Panel are pending throughout the country and the parties represent that discovery will be nationwide, the geographically central location of Missouri is a commendable factor. Also, more actions are pending in that district than in any other federal district. *See In re A. H. Robins Co., Inc. "Dalkon Shield" IUD Products Liability Litigation,* 406 F.Supp. 540, 543 (Jud.Pan.Mult.Lit.1975).

IT IS THEREFORE ORDERED that transfer pursuant to 28 U.S.C. § 1407 of the actions entitled *Odis Daniel Smith, et al. v. Adams Laboratories, Inc., et al.,* S.D.Miss., C.A. No. J76–228(N), and *Gladys Fay Petersen v. Michelin Tire Corp., et al.,* D.Oregon, C.A. No. 77–0057, be, and the same hereby is, DENIED, and the Panel's show cause order be, and the same hereby is, VACATED insofar as it relates to these actions.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the remaining actions listed on the following Schedule A and pending in districts other than the Western District of Missouri be, and the same hereby are, transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable William R. Collinson for coordinated or consolidated

included in the coordinated or consolidated pretrial proceedings. *See In re National Airlines, Inc. Maternity Leave Practices and Flight Attendant Weight Program Litigation,* 399 F.Supp. 1405, 1407 (Jud.Pan.Mult.Lit.1975).

**976**

pretrial proceedings with the actions listed on Schedule A and pending there.

‡ SCHEDULE A

| Northern District of Alabama | Civil Action No. |
| --- | --- |
| Gail McGee, etc., et al. v. Goodyear Tire & Rubber Co., et al. | CA78–P0090S |
| Thomas Clayton, et al. v. The Firestone Tire & Rubber Co., et al. | CA78–G0396S |

**Western District of Kentucky**

| | |
| --- | --- |
| Melton Henderson, et al. v. The Firestone Tire & Rubber Co., et al. | C78–0002–BG |

**District of Massachusetts**

| | |
| --- | --- |
| Paul R. Barry v. Firestone Tire & Rubber Co. | 77–2796–G |

**Southern District of Mississippi**

| | |
| --- | --- |
| Odis Daniel Smith, et al. v. Adams Laboratories, Inc., et al. | J76–228 (N) |

**Western District of Missouri**

| | |
| --- | --- |
| Larry Hale, et al. v. Firestone Tire & Rubber Co. | 78–0266–CV–W–2 |
| Bobby C. Goodwin, et al. v. Firestone Tire & Rubber Co., et al. | 78–0408–CV–W–1 |
| Joseph W. Butler v. Firestone Tire & Rubber Co., et al. | 78–0647–CV–W–2 |
| Robert E. Walker, et al. v. Firestone Tire & Rubber Co. | 75CV363–W–2 |

**District of Maryland**

| | |
| --- | --- |
| Richard W. Lantieri, et al. v. Goodyear Tire & Rubber Co., et al. | Y78–1469 |

**District of Nevada**

| | |
| --- | --- |
| John L. Olsen v. Goodyear Tire & Rubber Co., et al. | 77–0197–HEC |

**District of New Hampshire**

| | |
| --- | --- |
| Patrick Dupuis v. Firestone Tire & Rubber Co. | C–76–321 |

**Western District of Tennessee**

| | |
| --- | --- |
| Marion Taylor Davis, et al. v. Firestone Tire & Rubber Co., et al. | C–78–2182 |

**Northern District of Texas**

| | |
| --- | --- |
| Joe B. Brown, etc. v. Goodyear Tire & Rubber Co., et al. | CA3–78–0556–D |

**Southern District of Texas**

| | |
| --- | --- |
| Luciano Rodriguez, etc. v. Firestone Tire & Rubber Co., et al. | H–77–288 |

**Southern District of West Virginia**

| | |
| --- | --- |
| Madlyn Walker v. Chemical Leaman Tank Lines, Inc., et al. | 76–0350CH |

**Eastern District of Michigan**

| | |
| --- | --- |
| Edward & Maxine Mawby v. Firestone Steel Products Co. | 870616 |
| Larry Johnson v. Firestone Tire & Rubber Co., Inc. | 871602 |

**District of Oregon**

| | |
| --- | --- |
| Gladys Fay Petersen v. Michelin Tire Corp., et al. | 77–0057 |