## In re BUSPIRONE PATENT LITIGATION

## In re Buspirone Antitrust Litigation

### Nos. MDL–1410, 1413.

Judicial Panel on Multidistrict Litigation.

Aug. 15, 2001.

Before Wm. Terrell HODGES, Chairman, John F. KEENAN, Morey L. SEAR, Bruce M. SELYA,* Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

### *TRANSFER ORDER*

HODGES, Chairman.

MDL–1410 presently consists of four actions: one action each in the District of Connecticut, the Southern District of New York, the District of Vermont and the Northern District of West Virginia.[1] MDL–1413 presently consists of 22 actions: seven actions in the District of the District of Columbia, five actions in the Northern District of California, three actions in the District of New Jersey, two actions in the Southern District of New York, and one action each in the Central and Southern Districts of California, the Southern District of Florida, the District of Maine and the Eastern District of Michigan.[2]

---

* Judge Selya did not participate in the decision of this matter.

1. A fifth action pending in the Eastern District of Missouri on the Section 1407 motion was dismissed without prejudice. Accordingly, the question of inclusion of this action in Section 1407 proceedings is moot.

2. The Panel has also been notified that five MDL–1413 related antitrust actions are now

pending: two actions in the District of the District of Columbia, and one action each in the Eastern District of Michigan, the Eastern District of Texas and the Northern District of West Virginia. The West Virginia action is the same action which is involved in MDL–1410; plaintiff has recently filed an amended complaint which now adds antitrust claims to the patent claims. These actions and any other related actions will be treated as poten-

Before the Panel are several motions. Patent holder Bristol–Myers Squibb Company (BMS) seeks, pursuant to 28 U.S.C. § 1407, to centralize all MDL–1410 and MDL–1413 actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. Plaintiffs in one District of Columbia MDL–1413 action seek centralization of all buspirone antitrust actions in the District of the District of Columbia. Plaintiffs in the three New Jersey MDL–1413 actions seek centralization of the buspirone antitrust class actions in the District of New Jersey.

The Watson parties[3] do not oppose Section 1407 centralization, but suggest centralization of all buspirone patent and antitrust actions in the District of the District of Columbia. The Mylan parties[4] oppose centralization of the patent actions as well as centralization of the patent and antitrust actions in one transferee district; if the Panel deems centralization appropriate, the Mylan parties support selection of the Northern District of West Virginia as transferee district for the MDL–1410 patent actions and urge that the antitrust actions/claims be stayed pending resolution of the patent actions. All other responding parties in the antitrust actions agree that Section 1407 centralization of the antitrust actions is appropriate and support centralization of the antitrust and, in some instances, the patent actions in the District of the District of Columbia, the Eastern District of Michigan, the Southern District of New York, the Eastern District of Texas or the Northern District of West Virginia.

On the basis of the papers filed and hearing session held, the Panel finds that the MDL–1410 actions involve common questions of fact concerning whether BMS's '365 patent is valid and whether generic buspirone will infringe this patent. The Panel also finds that the MDL–1413 actions involve common questions of fact relating to whether BMS monopolizes or has attempted to monopolize the buspirone market in the United States. Centralization of both dockets under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

The Panel further finds that all MDL–1410 and MDL–1413 actions arise from the same core of operative facts, including BMS's '365 patent and the listing of this patent in the Federal Drug Administration's Orange Book. We note that at least one action before us already raises both patent and antitrust claims. We also recognize that beyond these common questions of fact, there are some questions of fact which apply uniquely to the patent claims or the antitrust claims. Accordingly, we have decided to entrust both MDL–1410 and MDL–1413 to the same judge in the Southern District of New York. This

---

tial tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**3.** Watson Pharmaceuticals, Inc., Watson Pharma, Inc., Watson Laboratories, Inc., and Danbury Pharmacal, Inc. (collectively referred to as the Watson parties). One or more of the Watson parties are defendants in the MDL–1410 Connecticut patent action and plaintiffs in one MDL–1413 District of Columbia antitrust action.

**4.** Mylan Pharmaceuticals Inc., Mylan Laboratories Inc. and Mylan Technologies Inc. (collectively referred to as the Mylan parties). One or more of the Mylan parties are defendants in the MDL–1410 New York and Vermont patent actions and plaintiffs in the MDL–1410 West Virginia patent/antitrust action.

resolution has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit. 1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Although no district stands out as the geographic focal point for this litigation, we are persuaded that the Southern District of New York is the most appropriate transferee forum. We note that i) documents and witnesses will likely be found there because BMS's principal place of business is located in New York, and ii) one patent action and two antitrust actions are currently pending in this district before Judge John G. Koeltl, who stands ready to guide both dockets toward expeditious conclusions.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the MDL–1410 actions (listed on the attached Schedule A) and the MDL–1413 actions (listed on the attached Schedule B) pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable John G. Koeltl for coordinated or consolidated pretrial proceedings with the actions pending there.

## ATTACHMENT

## SCHEDULE A

*District of Connecticut*

*Bristol–Myers Squibb Co. v. Danbury Pharmacal, Inc., et al.*, C.A. No. 3:01–304

*Southern District of New York*

*Bristol–Myers Squibb Co. v. Mylan Pharmaceuticals, Inc., et al.*, C.A. No. 1:01–414

*District of Vermont*

*Bristol–Myers Squibb Co. v. Mylan Technologies, Inc.*, C.A. No. 2:01–18

*Northern District of West Virginia*

*Mylan Pharmaceuticals, Inc. v. Bristol–Myers Squibb Co.*, C.A. No. 1:00–205

## SCHEDULE B

*Central District of California*

*Marla Gorelick v. Bristol–Myers Squibb Co.*, C.A. No. 5:01–283

*Northern District of California*

*Dorothy Wallace v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–1523

*Lillian Singer v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–1563

*Robert K. Alderman v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–1615

*Rebecca Harris v. Bristol–Myers Squibb Co.*, C.A. No. 5:01–20342

*California Congress of Seniors, et al. v. Bristol–Myers Squibb Co.*, C.A. No. 5:01–20351

*Southern District of California*

*Hillary Weiss v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–712

*District of District of Columbia*

*Watson Laboratories, Inc., et al. v. Bristol–Myers Squibb Co., Inc.*, C.A. No. 1:01–539

*HIP Health Plan of Florida, Inc. v. Bristol–Myers Squibb Co., Inc.*, C.A. No. 1:01–560

*Robert Levine v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–707

*Louisiana Wholesale Drug Co., Inc. v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–712

*Gray Panthers v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–803

*Valerie Meyers, et al. v. Bristol–Myers Squibb Co., Inc.*, C.A. No. 1:01–818

*Norman Seabrook, et al. v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–848

*Southern District of Florida*

*Rhoda Sokoloff v. Bristol–Myers Squibb Co.*, C.A. No. 0:01–6645

*District of Maine*

*Marianne Stover v. Bristol–Myers Squibb Co.*, C.A. No. 2:01–118

*Eastern District of Michigan*

*Great Lakes Health Plan, Inc. v. Bristol–Myers Sqibb Co.*, C.A. No. 2:01–71586

*District of New Jersey*

*Georgia S. Gerstein v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–1625

*Lisa Brooks v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–2009

*Michelle J. Burns v. Bristol–Myers Squibb Co.*, C.A. No. 3:01–2085

*Southern District of New York*

*Citizen Action of New York, et al. v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–2943

*Marcy Altman v. Bristol–Myers Squibb Co.*, C.A. No. 1:01–3367