### In re AMSTED INDUSTRIES INC. "ERISA" LITIGATION

#### No. 1417.

Judicial Panel on Multidistrict Litigation.

Aug. 21, 2001.

Before Wm. Terrell HODGES, Chairman, John F. KEENAN, Morey L. SEAR, Bruce M. SELYA,* Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

## TRANSFER ORDER

HODGES, Chairman.

This litigation presently consists of four actions: two actions each in the Northern District of Illinois[1] and the Northern District of Alabama.[2] Before the Panel is a motion by all defendants, pursuant to 28 U.S.C. § 1407, to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. All responding plaintiffs oppose Section 1407 centralization. If the Panel deems centralization appropriate, plaintiff in one Illinois action supports centralization in the Illinois court while plaintiffs in the Alabama actions, the recently transferred Illinois action and the Florida potential tag-along action suggest centralization in the Northern District of Alabama.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact arising out of the April 26 and July 19, 2000, amendments to Amsted Industries Inc.'s (Amsted) Employees' Stock Ownership Plan (ESOP) and the effect of those amendments on terminating or retiring Amsted employees. Centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

■ Plaintiffs argue that unique circumstances revolving around each Amsted employee's retirement and ESOP benefits predominate in these actions. While we recognize that each action will likely involve some individual questions of fact, we are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

■ We are persuaded that the Northern District of Illinois is the most appropriate transferee forum. We note that i) two actions before us and one potential tag-along action are now pending there, and ii) documents and witnesses will likely be found there because Amsted's headquarters are located in Chicago.

---

* Judge Selya did not participate in the decision of this matter.

1. One action in this litigation, *Thomas P. Frieburg, et al. v. Amsted Industries Inc. et al.,* N.D. Alabama, C.A. No. 2:01–1006, has been recently transferred under 28 U.S.C. § 1404 from the Northern District of Alabama to the Northern District of Illinois.

2. The Panel has been notified that two related actions have recently been filed in the Northern District of Illinois and the Middle District of Florida. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Moran for coordinated or consolidated pretrial proceedings with the actions pending there.

### ATTACHMENT

MDL–1417—In re Amsted Industries Inc. "ERISA" Litigation

### Northern District of Alabama

*Rennie L. Blankenship, et al. v. Amsted Industries, Inc. et al.,* C.A. No. 2:01–1007

*Jackie P. Carlee, et al. v. Amsted Industries, Inc. et al.,* C.A. No. 2:01–1009

### Northern District of Illinois

*Jeffrey Bradley v. Amsted Industries Inc. Employees' Stock Ownership Plan,* ("ESOP"), et al., C.A. No. 1:01–2963

*Thomas P. Frieburg, et al. v. Amsted Industries Inc., et al.,* C.A. No. 1:01–5519