**In re MERRILL LYNCH & CO., INC., RESEARCH REPORTS SECURITIES LITIGATION**

No. MDL–1484.

Judicial Panel on Multidistrict Litigation.

Oct. 11, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of 43 actions: 39 actions in the Southern District of New York; and one action each in the District of New Jersey, the Western District of Oklahoma, the Western District of Texas, and the Western District of Washington.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by defen-

---

\* Judge Sear took no part in the decision of this matter.

1. The Panel has been notified that 80 potentially related actions have been filed: 51 actions in the Southern District of New York; three actions each in the District of Arizona, the Northern District of California, and the Northern District of Texas; two actions each in the Central District of California, the Middle District of Florida, the Eastern District of

Michigan, the District of Minnesota, the Southern District of Mississippi, and the District of New Jersey; and one action each in the Southern District of California, the Northern District of Illinois, the Western District of Kentucky, the District of Maryland, the District of Oregon, the Middle District of Pennsylvania, the Southern District of Florida, and the Western District of Tennessee. These actions and any other related actions will be treated as potential tag-along actions. *See*

dants Merrill Lynch & Co., Inc., and Merrill Lynch, Pierce, Fenner & Smith Inc. (Merrill Lynch) to centralize these actions in the Southern District of New York for coordinated or consolidated pretrial proceedings. Nearly all responding parties support Section 1407 centralization of claims against the Merrill Lynch defendants in a single federal court, but disagree on the most appropriate transferee district. In addition to the Southern District of New York, responding parties suggest selection of the Western District of Oklahoma or the District of Minnesota as transferee district. The InfoSpace, Inc. (InfoSpace) defendants in the Western District of Washington action (*InfoSpace*) along with several other parties oppose inclusion of claims against the InfoSpace defendants in MDL–1484 proceedings and ask the Panel to sever and simultaneously remand these claims to the Washington federal court. The *InfoSpace* plaintiffs oppose inclusion of their action in MDL–1484 proceedings, oppose severance and remand of the claims against the InfoSpace director/officer defendants, and ask the Panel to transfer one New York action to the Western District of Washington. Some additional responding plaintiffs also oppose inclusion of their action or potential tag-along action in MDL–1484 pretrial proceedings.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that i) from 1999 through 2001, Merrill Lynch and various individually named related defendants issued false and misleading analyst reports concerning publicly traded securities of primarily internet companies in order to promote business for Merrill Lynch's investment banking division, and ii) Merrill Lynch failed to disclose this conflict of interest between its research and investment banking divisions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

Several parties urge the Panel to include the *InfoSpace* action in MDL–1484 pretrial proceedings and to sever and simultaneously remand claims against the InfoSpace defendants to the Western District of Washington. The *InfoSpace* plaintiffs oppose this request primarily on the ground that this action includes allegations that the InfoSpace defendants conspired with the Merrill Lynch defendants to mislead investors. The presence of conspiracy allegations in *InfoSpace* is debatable and we are reluctant, on the record now before us, to make a determination that claims in *InfoSpace* are severable. It may be, on further refinement of the issues and close scrutiny by Judge Milton Pollack, that claims against the InfoSpace defendants can be remanded to the Western District of Washington for further proceedings in advance of claims against the Merrill Lynch defendants. Should Judge Pollack deem Section 1407 remand of any claims appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule, 7.6, 199 F.R.D. at 436–38. In any event, transfer of all claims in all actions to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We are confident in Judge Pollack's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

 Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this litigation, the Panel had decided to entrust this litigation to the Southern District of New York, where 39 constituent actions and 51 potential tag-along actions are pending. We note that this district i) is conveniently located for many parties and witnesses, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Milton Pollack for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1484—In re Merrill Lynch & Co., Inc., Research Reports Securities Litigation*

*District of New Jersey*

William C. Ciemny v. Merrill Lynch, Pierce, Fenner & Smith, Inc., et al., C.A. No. 1:02–2576

*Southern District of New York*

In re Merrill Lynch InfoSpace Analyst Reports Securities Litigation, C.A. No. 1:01–6881

Sandra Blair, et al. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3042

Lou A. Murphy v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3050

Aaron Priest v. Merrill Lynch & Co., Inc., et. al., C.A. No. 1:02–3189

Abraham Twersky Family Trust v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3210

Jack B. McBride v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3252

John Deleo v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3321

Leonard Corwin v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3366

Roger Matthews, et al. v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3371

Dwight Corkins v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3372

Jason Silver v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3394

Jon M. Rosenbaum v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3410

James Crowdus v. Merrill Lynch & Co. Inc., et al., C.A. No. 1:02–3417

Sanjay Israni v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3418

Frank J. Vonder Haar v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3429

Harold Ducharme v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3431

Bernd Toennesmann v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3466

Michael M. Moore v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3509

Wayne Boyce v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3510

Ira Atlas v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3513

David Foushee v. Merrill Lynch & Co., Inc., et al., C.A. No. 1:02–3599

*Giuseppe Coppola v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3600

*Steven Wald v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3606

*Bernd Toennesmann v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3634

*Turgut Ergun v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3675

*Daniel R. Gerrity v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3690

*Doug Seindenburg v. Merrill Lynch & Co. Inc., et al.,* C.A. No. 1:02–3714

*Paul Hesano v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3715

*Robert Rueben v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3759

*Victor Parker, etc. v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3835

*Jason Cho v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3882

*Fredell D. Williams v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3934

*Seth B. Marks v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–3975

*Elisha Ciccarelli v. Merrill Lynch Co., Inc.,* C.A. No. 1:02–4051

*Dean E. Hart v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–4058

*Stephen A. McKernan v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–4140

*Steven Smith v. Merrill Lynch & Co., Inc.,* C.A. No. 1:02–4205

*J. James Walsh v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–4228

*Samuel Sinay, et al. v. Merrill Lynch & Co., Inc., et al.,* C.A. No. 1:02–4237

*Western District of Oklahoma*

*Shadi Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* C.A. No. 5:02–564

*Western District of Texas*

*William A. Clearly v. Merrill Lynch Securities,* C.A. No. 5:02–364

*Western District of Washington*

*John Horton, et al. v. InfoSpace Inc., et al.,* C.A. No. 2:01–913