**In re GENERAL MOTORS CORP. SECURITIES & DERIVATIVE LITIGATION**

**Albert Stein v. Erskine B. Bowles, et al., E.D. Michigan, C.A. No. 2:05-74334**

**John Orr v. G. Richard Wagoner, Jr., et al., E.D. Michigan, C.A. No. 2:05-74769**

**Henry Gluckstern v. G. Richard Wagoner, Jr., et al., E.D. Michigan, C.A. No. 2:05-74770**

**In re General Motors Securities Litigation, S.D. New York, C.A. No. 1:05-8088**

**Francesco Galliani v. General Motors Corp., et al., S.D. New York, C.A. No. 1:05-8545**

No. 1749.

Judicial Panel on Multidistrict Litigation.

April 17, 2006.

Before WM. TERRELL HODGES,* Chairman, JOHN F. KEENAN,* D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

This litigation currently consists of three actions pending in the Eastern District of Michigan and two actions pending in the Southern District of New York. Before the Panel is an amended motion by defendants[1] for centralization, pursuant to 28 U.S.C. § 1407, of all five actions in the Eastern District of Michigan.[2] Lead plaintiffs[3] in the Southern District of New York actions, which have been consolidated, oppose centralization but alternatively prefer centralization in the Southern District of New York. A lead plaintiff movant group[4] that was denied lead plaintiff sta-

* Judges Hodges, Keenan and Motz took no part in the decision of this matter.

1. General Motors Corp. (GM), General Motors Acceptance Corp. (GMAC), and the following former or current directors of GM: Percy N. Barnevick, Peter R. Bible, Walter G. Borst, Erskine B. Bowles, John H. Bryan, Armando M. Codina, John M. Devine, George M.C. Fisher, Karen L. Katen, Kent Kresa, Ellen J. Kullman, Alan G. Lafley, Philip A. Laskawy, E. Stanley O'Neal, Eckhard Pfeiffer, and G. Richard Wagoner, Jr.

2. In their amended motion to transfer, defendants sought to centralize seven total actions,

but two of the securities actions in the Eastern District of Michigan have since been dismissed.

3. Deka Investment GmbH and Deka International S.A., Louxembourg.

4. Activest Investmentgesellschaft mbH; Erste Sparinvest Kag, the capital investment company of the Erste Bank der österreichischen Sparkassen AG (First Bank of Austrian savings banks); Fortis Investment Management N.V./S.A.; Folksam Asset Management; the Public Retirement System of Mississippi; and Larry W. Gardner.

tus in the consolidated action supports centralization, preferring the Southern District of New York as transferee forum for coordination of the securities and derivative actions. The remaining responding parties support defendants' motion.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged financial improprieties concerning GM. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

The lead plaintiffs in the New York actions object to centralization because, they claim, the securities and derivative actions will necessarily involve different factual inquiries. We are unpersuaded by this argument. Whether the actions are brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of GM, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. The governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). Accordingly, we leave the degree and manner of any such coordination or consolidation to the discretion of the transferee judge. Transfer of all related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL–1749 action or actions, whenever he determines that such an approach is appropriate.

We conclude that the Eastern District of Michigan is an appropriate forum for this docket. This district is where many relevant documents and witnesses are likely to be found, inasmuch as GM's principal place of business is located there. Further, since Michigan is the situs of related state court proceedings (two shareholder derivative actions), centralization in the Eastern District· of Michigan carries the added benefit of fostering coordinated discovery between the federal and state proceedings, should such a need arise.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Southern District of New York are transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Gerald E. Rosen for coordinated or consolidated pretrial proceedings with the actions pending in that district.