## In re SFBC INTERNATIONAL, INC., SECURITIES & DERIVATIVE LITIGATION

### No. MDL–1777.

Judicial Panel on Multidistrict Litigation.

June 21, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation currently consists of fourteen actions listed on the attached Schedule A and pending in the following districts: seven actions each in the Southern District of Florida and the District of New Jersey. Before the Panel is a motion by plaintiffs in three derivative actions pending in the Southern District of Florida for centralization, pursuant to 28 U.S.C. § 1407, of all fourteen actions[1] in the Southern District of Florida. Defendant SFBC International, Inc. (SFBC) and several individual defendants[2] oppose the motion. Plaintiffs in two District of New Jersey derivative actions and a lead plaintiff movant[3] in the securities actions sup-

---

1. Plaintiffs' motion initially included an additional action in the Southern District of Florida, which has since been dismissed. Panel consideration of that action is thus moot.

2. Jeffrey McMullen, E. Cooper Shamblen, David Natan, and Marc LeBel.

3. Arkansas Teacher Retirement System.

port centralization, but prefer transfer to the District of New Jersey.

■ On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact, and that centralization under Section 1407 in the District of New Jersey will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions share factual questions arising from alleged financial improprieties and illicit business practices regarding SFBC. Whether the actions are brought by securities holders seeking relief under the federal securities laws or shareholders suing derivatively on behalf of nominal plaintiff SFBC, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Defendants maintain that viable alternatives to Section 1407 centralization exist, such as transfer under 28 U.S.C. § 1404. We are unpersuaded by this argument at the present time. Transfer of all related actions under Section 1407 has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and ii) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. Should trial become necessary in any of the transferred actions, the question of transfer under Section 1404 can, of course, be revisited by the transferor judge when the action is remanded to the transferor court after completion of Section 1407 pretrial proceedings.

■ We conclude that the District of New Jersey is an appropriate transferee forum for this docket. This district is where relevant documents and witnesses may be found, inasmuch as SFBC's principal offices are now located there, along with the offices of two of its subsidiaries. In addition, the District of New Jersey is the preferred transferee forum of several responding parties (including defendants who oppose transfer, though they prefer transfer to the District of New Jersey under Section 1404).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending in the Southern District of Florida and listed on Schedule A are transferred to the District of New Jersey and, with the consent of that court, assigned to the Honorable Stanley R. Chesler for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1777—In re SFBC International, Inc., Securities & Derivative Litigation*

Southern District of Florida

Richard Freeman, et al. v. SFBC International, Inc., et al., C.A. No. 1:06–20059

Jack Kuper, et al. v. SFBC International, Inc., et al., C.A. No. 1:06–20120

Dennis A. Koltun v. SFBC International, Inc., et al., C.A. No. 1:06–20122

Christian Montero v. SFBC International, Inc., et al., C.A. No. 1:06–20124

Andrew Tunnah, etc. v. Lisa Krinsky, et al., C.A. No. 1:06–20198

Larry Kosrosky, etc. v. Lisa Krinsky, et al., C.A. No. 1:06–20238

Audrey Baumann, etc. v. Lisa Krinsky, et al., C.A. No. 1:06–20241

*District of New Jersey*

*J. Michael, et al. v. SFBC International, Inc., et al.,* C.A. No. 3:06–165

*Walter Hauschildt v. SFBC International, Inc., et al.,* C.A. No. 3:06–264

*Fabbrizio Borroni, et al. v. SFBC International, Inc., et al.,* C.A. No. 3:06–273

*Steven Jones v. SFBC International, Inc., et al.,* C.A. No. 3:06–617

*Douglas Myers, etc. v. Lisa Krinsky, et al.,* C.A. No. 3:06–781

*Kuldip Kundra v. SFBC International, Inc., et al.,* C.A. No. 3:06–1114

*Raymond Wu, etc. v. Lisa Krinsky, et al.,* C.A. No. 3:06–1298