In re: MERRILL LYNCH & CO., INC., AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION.

MDL No. 2030.

United States Judicial Panel on Multidistrict Litigation.

June 10, 2009.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel:** Defendants[1] have moved, pursuant to 28 U.S.C. § 1407, for centralization of four actions in the Southern District of New York. Lead plaintiffs in the Southern District of New York action do not oppose centralization.

1. Merrill Lynch & Co., Inc.; Merrill Lynch Pierce, Fenner & Smith, Inc.; and Merrill Lynch Capital Services, Inc. (collectively Merrill Lynch).

Plaintiffs in the three actions outside the Southern District of New York oppose centralization. Plaintiff in the E.D. Kentucky action alternatively suggests E.D. Kentucky as the transferee forum. If the Panel centralizes the actions, plaintiff in the D. Massachusetts action requests that its claim under Section 12(a)(1) of the Securities Act of 1933 be separated and remanded.

This litigation currently consists of four actions listed on Schedule A and pending in four districts as follows: an action each in the Eastern District of Kentucky, the Eastern District of Louisiana, the District of Massachusetts and the Southern District of New York.

█ On the basis of the papers filed and hearing session held, we find that these four actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that Merrill Lynch and/or its employees made misrepresentations or omissions in the context of the sale of auction rate securities (ARS) and manipulated the auctions for ARS in order to prevent auction failures. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

█ Plaintiffs opposing the motion argue, *inter alia,* that (1) the actions do not share sufficient questions of fact; and (2) voluntary coordination among the parties is preferable to centralization. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. All actions possess a common factual core regarding Merrill Lynch's role in selling ARS. In particular, plaintiffs in all actions allege that, *inter*

*alia,* Merrill Lynch failed to disclose that (1) ARS were not cash alternatives similar to money market funds, and (2) the ARS sold by Merrill Lynch were only liquid because, at the time of sale, Merrill Lynch and other broker-dealers artificially supported and manipulated the market to maintain the appearance of liquidity and stability. Even though *Louisiana Stadium & Exposition District (LSED)* is brought by an issuer of ARS, plaintiffs in *LSED* allege that Merrill Lynch's conduct in selling ARS was central to inducing them to issue the securities. Transfer of these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L.1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent MDL. No. 2030 action or actions, whenever she determines that such an approach is appropriate.

It may be that pretrial proceedings involving certain actions may be completed in advance of other actions to this litigation. This is particularly the case with the proceedings in *LSED*. Plaintiffs in *LSED* oppose centralization, in part, on the grounds that time is of the essence in reaching a resolution to their claims, in light of the allegedly perilous financial condition of Financial Guaranty Insurance Company (which issued a reserve fund insurance policy in connection with the issuance of the involved bonds) and certain potential tax consequences that may arise if the bonds are not reissued by the end of the year. While these are certainly rea-

sonable arguments, we are persuaded that because the actions contain core factual questions concerning defendants' conduct with respect to ARS, resolution of *LSED* and the litigation taken as a whole will be aided by placing all related actions before the same judge.

In addition, plaintiff in the D. Massachusetts action requests that its claim under Section 12(a)(1) of the Securities Act regarding the sale of unregistered securities should not be centralized because it is capable of quick resolution. We are not convinced by their argument, given the factual overlap that the action shares with the other actions. However, should the circumstances regarding any action or claim in MDL No. 2030 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable and, accordingly, the transferee judge deems Section 1407 remand of any claim or action appropriate, procedures are available whereby such remand may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

■ We are persuaded that the Southern District of New York, where the first-filed action has been pending for over a year, is an appropriate transferee district. By centralizing this litigation before Judge Loretta A. Preska, we are assigning this docket to a seasoned jurist who has the experience necessary to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Loretta A. Preska for coordinated or consolidated

pretrial proceedings with the action pending there and listed on Schedule A.

### SCHEDULE A

MDL No. 2030 — **IN RE: MERRILL LYNCH & CO., INC., AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION**

*Eastern District of Kentucky*

*Community Trust Bank, Inc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* C.A. No. 7:08–231

*Eastern District of Louisiana*

*Louisiana Stadium & Exposition District, et al. v. Financial Guaranty Insurance Co.,* et al., C.A. No. 2:09–235

*District of Massachusetts*

*The Cooperative Bank, et al. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* et al., C.A. No. 1:08–12042

*Southern District of New York*

*In re Merrill Lynch Auction Rate Securities Litigation,* C.A. No. 1:08–3037