**IN RE: JP MORGAN AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION.**

**MDL No. 2157.**

United States Judicial Panel on Multidistrict Litigation.

June 9, 2010.

Before ROBERT L. MILLER, JR., Acting Chairman, JOHN G. HEYBURN II, Chairman *, KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

**TRANSFER ORDER**

ROBERT L. MILLER, JR., Acting Chairman.

 **Before the entire Panel \*:** Defendants [1] have moved, pursuant to 28 U.S.C. § 1407, for centralization in the Southern District of New York. This litigation currently consists of six actions listed on Schedules A and B and pending in four districts as follows: two actions each in the Southern District of New York and the Eastern District of Pennsylvania, and an action each in the Eastern District of Louisiana and the Southern District of Mississippi.

---

\* Judge Heyburn took no part in the disposition of this matter.

1. JPMorgan Chase & Co.; J.P. Morgan Securities, Inc.; JPMorgan Chase Bank, N.A.; and Bear, Stearns & Co., Inc. (collectively JPMorgan).

Lead plaintiff in the Southern District of New York *O'Gara* action takes no position on centralization but suggests that, if the Panel centralizes the litigation, the Southern District of New York serve as the transferee forum. Plaintiffs in four actions—the Eastern District of Pennsylvania actions, the Eastern District of Louisiana action (*Louisiana Citizens*), and the Southern District of New York *BMS* action—oppose any transfer of their respective actions. Plaintiff in the Pennsylvania actions alternatively supports selection of the Eastern District of Pennsylvania as the transferee district. Plaintiff in the Southern District of Mississippi action opposes centralization and, alternatively, prefers centralization in the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, we find that the five actions listed on Schedule A involve common questions of fact, and that centralization under Section 1407 of those actions in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise from allegations that the various JPMorgan defendants or their employees made misrepresentations and/or omissions about the nature and risk of auction rate securities (ARS). Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs opposing the motion argue, *inter alia,* that the actions do not share sufficient questions of fact and that some discovery in one action may not overlap with discovery in other actions. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. All actions possess a common factual core regarding JPMorgan's role in selling ARS or conducting ARS auctions. Plaintiffs in all actions allege that, *inter alia,* JPMorgan failed to disclose that (1) the ARS sold by JPMorgan were not highly liquid, safe investments, and (2) the ARS at issue were only liquid because, at the time of sale, JPMorgan artificially supported and manipulated the market to maintain the appearance of liquidity and stability (including by placing "blanket bids" for the entire notional value of the securities at auction). Transfer of these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and (2) ensures that pretrial proceedings are conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We are of the opinion, however, that inclusion of *Louisiana Citizens* in the centralized proceedings is not appropriate at this time. Plaintiff asserts that it filed *Louisiana Citizens* merely as a protective action to prevent any statute of limitations defenses and that it does not intend to pursue the action. Instead, the controversy is potentially headed toward arbitration. However, if the present circumstances change and *Louisiana Citizens* is actively litigated in federal court, then a party may seek to transfer the action for inclusion in the centralized proceedings. *See* 28 U.S.C. § 1407(c).

■ We are persuaded that the Southern District of New York is an appropriate transferee district. Potentially relevant documents and witnesses are likely found in this district, which enjoys the support of defendants and plaintiff in the putative nationwide class action. By centralizing this litigation before Judge Paul G. Gar-

**1376**

dephe, we are assigning this docket to a jurist with the caseload conditions desirable to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Paul G. Gardephe for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that centralization of the action listed on Schedule B is denied.

## SCHEDULE A

MDL No. 2157—**IN RE: JP MORGAN AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION**

*Southern District of Mississippi*

 *Cellular South, Inc. v. J.P. Morgan Securities, Inc.,* C.A. No. 3:10–80

*Southern District of New York*

 *Ed O'Gara v. JP Morgan Chase & Co., et al.,* C.A. No. 1:09–6199

 *Bankruptcy Management Solutions, Inc., et al. v. JPMorgan Chase Bank, N.A.,* C.A. No. 1:10–926

*Eastern District of Pennsylvania*

 *Fulton Financial Advisors, National Association v. Bear, Stearns & Co., Inc.,* C.A. No. 5:09–2236

 *Fulton Financial Advisors, National Association v. J.P. Morgan Securities, Inc.,* C.A. No. 5:09–2237

## SCHEDULE B

MDL No. 2157—**IN RE: JP MORGAN AUCTION RATE SECURITIES (ARS) MARKETING LITIGATION**

*Eastern District of Louisiana*

 *Louisiana Citizens Property Insurance Corp. v. J.P. Morgan Securities, Inc., et al.,* C.A. No. 2:09–7764