# In re STARLINK CORN PRODUCTS LIABILITY LITIGATION

## No. MDL–1403.

Judicial Panel on Multidistrict Litigation.

June 20, 2001.

---

Before HODGES, Chairman,
BECHTLE, KEENAN, SEAR,* SELYA,
GIBBONS, and JENSEN, Judges of the
Panel.

### TRANSFER ORDER

HODGES, Chairman Judge.

This litigation presently consists of six actions:[1] two actions in the Northern District of Iowa and one action each in the Northern District of Illinois, the District of Minnesota, the Eastern District of Texas and the Southern District of Texas.[2] Be-

---

* Judge Sear took no part in the decision of this matter.

1. One action on the original motion, *Alan Roebke v. Aventis CropScience USA Holding, Inc.*, D. Minnesota, C.A. No. 0:01–144, has been voluntarily dismissed; accordingly the question of inclusion of this action in Section 1407 proceedings is moot. This plaintiff subsequently re-filed his action in Minnesota state court and defendants once again removed it to the Minnesota federal court; this action is now before the Panel.

Another action, *Garrick Mason Rose v. Aventis CropScience USA Holding, Inc.*, S.D. Indiana, C.A. No. 1:01–201, was remanded to Indiana state court. Accordingly, the question of inclusion of this action in Section 1407 proceedings is also moot.

2. The Panel has been notified that fourteen potentially related actions have been filed as follows: three actions in the Northern District of Illinois; two actions in the Western District of Missouri; and one action each in the Southern District of Illinois, the Northern District Iowa, the Southern District of Iowa, the District of Kansas, the District of Maryland, the District of Nebraska, the District of North Dakota, the District of South Dakota, and the Western District of Wisconsin. These actions and any other related actions will be treated as potential tag-along actions. *See*

fore the Panel is an amended motion by all defendants,[3] pursuant to 28 U.S.C. § 1407, to centralize the actions in the Northern District of Illinois for coordinated or consolidated pretrial proceedings. Most responding plaintiffs oppose Section 1407 centralization of actions brought by farmers (seeking damages resulting from the alleged cross-pollination of their corn by StarLink™ corn and/or the reduced market price for corn in general because of this phenomenon) with actions brought by consumers (seeking declaratory and injunctive relief and damages emanating from the purchase of products which allegedly used StarLink™ corn). These parties advocate separate Section 1407 proceedings in these two groups of actions. Most responding farmer plaintiffs suggest centralization of the farmer actions in the Northern District of Iowa, while the responding consumer plaintiffs suggest centralization of their actions in either the Eastern District of Texas or the Northern District of Illinois. The farmer plaintiffs in the Indiana and Minnesota actions oppose inclusion of their actions in Section 1407 proceedings on the ground that their actions were improperly removed to federal court and motions to remand are pending.

 On the basis of the papers filed and the oral argument held, the Panel finds that the actions in this litigation involve common questions of fact arising out of the allegations that StarLink™ corn was improperly commingled with non-StarLink™ corn and/or used in certain corn-based food products with detrimental effects upon farmers and consumers. Centralization under Section 1407 in the Northern District of Illinois will serve the conve-

nience of the parties and witnesses and promote the just and efficient conduct of the litigation, while accordingly being necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings and conserve the resources of the parties, their counsel and the judiciary.

 Responding plaintiffs argue that the farmer actions and the consumer actions are different enough to warrant separate pretrial proceedings. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L.1979); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

 Some farmer plaintiffs' objection to Section 1407 transfer based upon the pendency of motions to remand their actions is also unpersuasive. We note that the remand motions can be presented to and decided by the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2nd Cir.1990); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 368 F.Supp. 812, 813 (J.P.M.L.1973).

 Although no single district stands out as the geographic focal point for this litigation comprised of claims with putative nationwide classes and parties and witnesses dispersed in various parts of the

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**3.** Aventis CropScience USA Holding, Inc.; Kraft Foods, Inc.; Azteca Milling, L.P.; Gru-

ma Corporation d/b/a Mission Foods; and Advanta USA, Inc. d/b/a Garst Seed Company:

United States, we are persuaded that the Northern District of Illinois is the most appropriate transferee court. We note that i) an action involving nearly all defendants is pending there, and ii) this district is conveniently located and readily accessible for most of the litigants.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Illinois are hereby transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable James B. Moran for coordinated or consolidated pretrial proceedings with the action pending there.

### SCHEDULE A

*MDL–1403—In re StarLink Corn Products Liability Litigation*
 *Northern District of Iowa*

*Marvin Kramer v. Aventis CropScience USA Holding, Inc.,* C.A. No. 1:00–197
*William Furlong v. Aventis CropScience USA Holding, Inc.,* C.A. No. 1:01–17
 *Northern District of Illinois*
*Merri Place, et al. v. Kraft Foods, Inc., et al.,* C.A. No. 1:00–6865
 *District of Minnesota*
*Alan Roebke v. Aventis CropScience USA Holding, Inc.,* C.A. No. 0:01–428
 *Eastern District of Texas*
*Guadalupe C. Vargas v. Kraft Foods, Inc., et al.,* C.A. No. 1:00–850
 *Southern District of Texas*
*Esteban Reyes, Jr. v. Azteca Milling, L.P., et al.,* C.A. No. 7:00–268