# IN RE IMMUNEX CORP. AVERAGE WHOLESALE PRICE LITIGATION.

## In re Pharmacia Corp. Average Wholesale Price Litigation.

## In re Glaxosmithkline Corp. Average Wholesale Price Litigation.

## In re Baxter International, Inc./Pharmaceutical Industry Average Wholesale Price Litigation.

### Nos. MDL–1453, MDL–1454, MDL–1455, MDL–1456.

Judicial Panel on Multidistrict Litigation.

April 30, 2002.

Before: WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, MOREY L. SEAR, BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## ORDER

WM. TERRELL HODGES, District Judge.

At the March 2002 hearing session in these matters, the Panel heard combined oral argument. Accordingly, the overlapping issues raised in these dockets will be addressed in this one order. The matters now before the Panel can be briefly described as follows:

*MDL–1453:* Immunex Corp. (Immunex) moves, under 28 U.S.C. § 1407, to centralize claims against Immunex in two actions in the Western District of Washington. The Washington plaintiff[1] supports this motion.

*MDL–1454:* Pharmacia[2] moves under Section 1407 to centralize claims against Pharmacia in four actions in the District of New Jersey. The New Jersey plaintiffs[3] support the motion.

*MDL–1455:* GlaxoSmithKline[4] moves under Section 1407 to centralize six actions in either the Eastern District of Pennsylvania or the Middle District of North Carolina. Plaintiff[5] (in two Pennsylvania actions against GSK) and Action Alliance and United (in a third Pennsylvania action against GSK) support this motion.

MDL–1456: Baxter[6] moves under Section 1407 to centralize any claims against Baxter in four actions in the Northern District of Illinois. Plaintiffs United, Action Alliance and Twin Cities Bakery Workers Health & Welfare Fund support this motion.

Alternatively, Baxter suggests centralization of all claims in seventeen actions (involving multiple pharmaceutical defendants) in the Northern District of Illinois; this alternative motion encompasses all actions presently involved in MDL–1453, MDL–1454 and MDL–1455.[7] Several non-

---

* Judge Selya took no part in the decision of these matters. Judge Hodges stated at the hearing session that i) in light of the fact that four of the remaining Panel members could be members of the putative classes in these litigations, these Panel members have renounced any claim as putative class members, and ii) the Panel is invoking the Rule of Necessity to decide the matters now before it. *In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud.Pan. Mult.Lit.2001).

1. Action Alliance of Senior Citizens of Greater Philadelphia (Action Alliance).

2. Pharmacia Corp. and Pharmacia & Upjohn, Inc. (collectively referred to as Pharmacia).

3. Action Alliance; and United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund (United).

4. Various actions name either GlaxoSmithKline (GSK), Glaxo Wellcome, Inc. (Glaxo) or SmithKline Beecham (SKB) as defendants. In December 2000, Glaxo and SKB merged. In the United States, the surviving corporation is SmithKline Beecham Corporation doing business as GSK.

5. Teamsters Health & Welfare Fund of Philadelphia & Vicinity (Teamsters).

6. Baxter International Inc., Baxter Healthcare Corp., and Baxter Pharmaceutical Products, Inc. (collectively referred to as Baxter).

7. Baxter withdrew its request to include one additional action—*Mechanical Contractors—*

moving defendants agree that centralization on an industry-wide basis in the Illinois court is appropriate; one of these defendants, alternatively, suggests centralization in the Eastern District of Pennsylvania. Another defendant does not express an opinion on the best approach (company-by-company or industry-wide), but if the Panel selects an industry-wide approach, this defendant also favors selection of the Illinois court as transferee district. Other defendants prefer a company-by-company approach and some defendants have suggested certain federal districts for actions involving each company; if the Panel decides upon an industry-wide approach, these defendants favor selection of the Illinois court as transferee district. Some remaining defendants oppose an industry-wide approach. All defendants oppose inclusion of these actions in *MDL–1430—In re Lupron Marketing and Sales Practices Litigation*, which is pending in the District of Massachusetts.

The Massachusetts plaintiffs, the Texas plaintiff and plaintiff in one Central California action (these plaintiffs have all filed actions against multiple pharmaceutical defendants) support Baxter's alternative motion, although they suggest alternative transferee districts. The Massachusetts plaintiffs suggest centralization in the District of Massachusetts, while the California and Texas plaintiffs suggest centralization in the Eastern District of Pennsylvania.

On the basis of the papers filed and hearing session held, the Panel finds that all actions in these four dockets involve common questions of fact concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of their Medicare covered prescription drugs in or-

der to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. Centralization of all actions under Section 1407 in the District of Massachusetts will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Congregating all these actions there is necessary in order to avoid duplication of discovery, prevent inconsistent or repetitive pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. As a result, resolution of overlapping issues—relating to discovery concerning these similar practices and class certification—will be streamlined. *In re Managed Care Litigation*, 2000 WL 1925080 (Jud.Pan.Mult.Lit. Oct. 23, 2000).

Opponents of Section 1407 centralization of all actions in one multidistrict litigation argue that the presence of unique questions of fact relating to each pharmaceutical defendant should produce a different result in order to avoid an unwieldy situation. These parties urge us, instead, to centralize related actions/claims on a company-by-company basis. We are unpersuaded by this argument. Indeed, we point out that transfer to a single district under Section 1407 has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (Jud.Pan. Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. It may be, on further

*UA Local 119 Welfare Plan, et al. v. Bristol–Myers Squibb Co.*, S.D. New York, C.A. No. 1:01–8888—in Section 1407 proceedings in this docket.

refinement of the issues and close scrutiny by Judge Patti B. Saris to whom we are assigning this litigation, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001). We are confident in Judge Saris's ability to streamline pretrial proceedings in these actions, while concomitantly directing the appropriate resolution of all claims.

Although any of the suggested federal districts would be an appropriate forum for Section 1407 proceedings in this nationwide litigation, the Panel has decided to entrust this litigation to the District of Massachusetts which i) already has a broad action pending there, and ii) has the resources available to manage this litigation.

IT IS THEREFORE ORDERED that i) Immunex's motion for centralization of claims against Immunex in two actions listed on the attached Schedule A is denied; ii) Pharmacia's motion for centralization of claims against Pharmacia in four actions listed on the attached Schedule B is denied; iii) GSK's motion for centralization of claims against GSK in six actions listed on the attached Schedule C is denied; and iv) Baxter's motion for centralization of claims against Baxter in four actions listed on the attached Schedule D is denied.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Massachusetts and listed on the attached Schedule D are transferred to the District of Massa-

chusetts, and, with the consent of that court, assigned to the Honorable Patti B. Saris for coordinated or consolidated pretrial proceedings with the action already pending there and listed on Schedule D.

IT IS FURTHER ORDERED that MDL–1456 is renamed as follows: MDL–1456—In re Pharmaceutical Industry Average Wholesale Price Litigation.

## SCHEDULE A

*MDL–1453—In re Immunex Corp. Average Wholesale Price Litigation*

*District of Massachusetts*

*Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc., et al.*, C.A. No. 1:01–12257

*Western District of Washington*

*Action Alliance of Senior Citizens of Greater Philadelphia v. Immunex Corp.*, C.A. No. 2:01–1917

## SCHEDULE B

*MDL–1454—In re Pharmacia Corp. Average Wholesale Price Litigation*

*Central District of California*

*Shirley Geller v. Abbott Laboratories, Inc., et al.*, C.A. No. 2:02–553

*District of Massachusetts*

*Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc., et al.*, C.A. No. 1:01–12257

*District of New Jersey*

*United Food & Commercial Workers Unions & Midwest Health Benefits Fund, et al. v. Pharmacia Corp., et al.*, C.A. No. 3:01–5427

*Eastern District of Texas*

*Board of Trustees of the Carpenters & Millwrights of Houston & Vicinity Welfare Trust Fund v. Abbott Laboratories, Inc., et al.,* C.A. No. 5:01–339

## SCHEDULE C

*MDL–1455—In re GlaxoSmithKline Average Wholesale Price Litigation*

*Central District of California*
*Shirley Geller v. Abbott Laboratories, Inc., et al.,* C.A. No. 2:02–553

*District of Massachusetts*
*Citizens for Consumer Justice, et al. v. Abbott Laboratories, Inc., et al.,* C.A. No. 1:01–12257

*Eastern District of Pennsylvania*
*Action Alliance of Senior Citizens of Greater Philadelphia, et al. v. GlaxoSmithKline PLC, et al.,* C.A. No. 2:01–5790
*Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. GlaxoSmithKline, PLC, et al.,* C.A. No. 2:01–5939
*Teamsters Health and Welfare Fund of Philadelphia and Vicinity v. GlaxoSmithKline, PLC, et al.,* C.A. No. 2:01–5940

*Eastern District of Texas*
*Board of Trustees of Carpenters and Millwrights of Houston & Vicinity Welfare Trust Fund v. Abbott Laboratories, Inc., et al.,* C.A. No. 5:01–339

## SCHEDULE D

*MDL–1456—In re Baxter International, Inc./Pharmaceutical Industry Average Wholesale Price Litigation*

*Central District of California*
*Shirley Geller v. Abbott Laboratories, Inc., et al.,* C.A. No. 2:02–553

*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund, et al. v. Sicor, Inc., et al.,* C.A. No. 8:01–1099

*Northern District of California*
*Twin Cities Bakery Workers Health & Welfare Fund, et al. v. Dey, Inc.,* C.A. No. 3:01–4466
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund, et al. v. Bristol–Myers Squibb Co., et al.,* C.A. No. 4:01–4303

*Northern District of Illinois*
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund, et al. v. Abbott Laboratories, Inc.,* C.A. No. 1:01–8827
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund, et al. v. Baxter International, Inc.,* C.A. No. 1:01–8828
*Action Alliance of Senior Citizens of Greater Philadelphia v. Fujisawa Pharmaceutical Co., Ltd., et al.,* C.A. No. 1:02–396

*District of Massachusetts*
*Citizens For Consumer Justice, et al. v. Abbott Laboratories, Inc., et al.,* C.A. No. 1:01–12257

*District of New Jersey*
*United Food & Commercial Workers Unions & Employers Midwest Health Benefits Fund, et al. v. Pharmacia Corp., et al.,* C.A. No. 3:01–5427
*Action Alliance of Senior Citizens of Greater Philadelphia v. Aventis, S.A., et al.,* C.A. No. 3:01–5548

*Southern District of New York*
*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Bristol–Myers Squibb Co.,* C.A. No. 1:01–9968

*Eastern District of Pennsylvania*

*Action Alliance of Senior Citizens of Greater Philadelphia, et al. v. GlaxoSmithKline PLC, et al.,* C.A. No. 2:01–5790

*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. GlaxoSmithKline, PLC, et al.,* C.A. No. 2:01–5939

*Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. GlaxoSmithKline, PLC, et al.,* C.A. No. 2:01–5940

*Action Alliance of Senior Citizens of Greater Philadelphia v. Bayer Corp.,* C.A. No. 2:01–5998

*Eastern District of Texas*

*Board of Trustees of the Carpenters & Millwrights of Houston & Vicinity Welfare Trust Fund v. Abbott Laboratories, Inc., et al.,* C.A. No. 5:01–339

*Western District of Washington*

*Action Alliance of Senior Citizens of Greater Philadelphia v. Immunex Corp.,* C.A. No. 2:01–1917