237 F.Supp.2d 1377 (2002)
In re PHARMACEUTICAL INDUSTRY AVERAGE WHOLESALE PRICE LITIGATION
State of Minnesota
v.
Pharmacia Corp., D. Minnesota, C.A. No. 0:02-1779
No. MDL-1456.
Judicial Panel on Multidistrict Litigation.
December 11, 2002.
*1378 Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,[*] BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

TRANSFER ORDER
WILLIAM TERRELL HODGES, Chairman.
Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), by the State plaintiff in this action (State of Minnesota) to vacate the Panel's order conditionally transferring State of Minnesota to the District of Massachusetts for inclusion in the Section 1407 proceedings occurring there in this docket. Defendant Pharmacia Corp. (Pharmacia) favors inclusion of this action in Section 1407 proceedings.
On the basis of the papers filed and hearing session held, the Panel finds that State of Minnesota involves common questions of fact with the actions in this litigation previously transferred to the District of Massachusetts, and that transfer of this action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. We note that the pending motion to remand State of Minnesota to state court can be presented to and decided by the transferee judge. See, e.g., In re Ivy, 901 F.2d 7 (2d Cir.1990); In re Prudential Insurance Company of America Sales Practices Litigation, 170 F.Supp.2d 1346, 1347-48 (Jud.Pan. Mult.Lit.2001). The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. *1379 The Panel held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes by unlawfully inflating the average wholesale price of certain prescription drugs in order to increase the sales of these drugs to health care professionals and thereby boost the pharmaceutical companies' profits. See In re Pharmaceutical Industry Average Wholesale Price Litigation, 201 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2002).
The State plaintiff objects to Section 1407 transfer on the ground that State of Minnesota does not share sufficient questions of fact with previously centralized actions to warrant inclusion in Section 1407 proceedings. Transfer under Section 1407, however, has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, In re Joseph F. Smith Patent Litigation, 407 F.Supp. 1403, 1404 (Jud. Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. See In re StarLink Corn Products Liability Litigation, 152 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2001).
The State plaintiff also objects to Section 1407 transfer arguing that i) Section 1407(h) authorizes the Panel only to transfer parens patriae actions brought under Section 4C of the Clayton Act, 15 U.S.C. § 15c, and not any other type of parens patriae action, such as the present action, and ii) statutory interpretation dictates that only Clayton Act parens patriae actions can be transferred under Section 1407. We disagree. The Panel has consistently interpreted Section 1407(h) to authorize the Panel to transfer Clayton Act parens patriae actions for trial, in addition to pretrial, proceedings rather than as a limit on the Panel's authority to transfer any type of parens patriae action for pre-trial proceedings under Section 1407(a). In addition, Congress clearly excluded certain types of actions from being subject to Section 1407(a) transfer in Section 1407(g) and this subsection does not exclude parens patriae actions from Section 1407(a) transfer. See In re Pharmaceutical Industry Average Wholesale Price Litigation, MDL-1456 (Jud.Pan.Mult.Lit. Oct. 16, 2002) (inclusion of three non-Clayton Act parens patriae actions in Section 1407 proceedings in MDL-1456); In re Managed Care Litigation, MDL-1334 (Jud. Pan.Mult.Lit. Apr. 17, 2001) (inclusion of one parens patriae action brought under the federal Employee Retirement Income Security Act in Section 1407 proceedings); In re Disposable Contact Lens Antitrust Litigation, MDL-1030 (Jud.Pan.Mult.Lit. Dec. 1, 1998) (parens patriae actions brought under the Clayton Act which were included in MDL-1030 pretrial proceedings under Section 1407(a) are remanded and, then, retransferred to MDL-1030 under Section 1407(h)) (unpublished orders).
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, State of Minnesota v. Pharmacia Corp., D. Minnesota, C.A. No. 0:02-1779, is transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.
NOTES
[*] Judge Sear did not participate in the decision of this matter. In light of the fact that three other Panel members could be members of the putative classes in this litigation, i) these Panel members have renounced any claim as putative class members, and in any event ii) the Panel is invoking the "rule of necessity" to decide the matter now before it. See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation, 170 F.Supp.2d 1356, 1357-58 (Jud.Pan. Mult.Lit.2001).