**In re FLEMING COMPANIES INC. SECURITIES & DERIVATIVE LITIGATION**

No. 1530.

Judicial Panel on Multidistrict Litigation.

June 25, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

This litigation presently consists of fourteen actions: twelve actions in the Eastern District of Texas, and two actions in the Western District of Oklahoma.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by Fleming Companies Inc. (Fleming) and certain Fleming officer/director defendants[2] to centralize these ac-

---

1. The Panel has been notified that three potentially related actions have recently been filed: two actions in the Eastern District of Texas and one action in the Northern District of Texas. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Mark S. Hansen; Neal J. Rider; Thomas G. Dahlen; Herbert M. Baum; Kenneth M. Duberstein; Archie R. Dykes; Carol R. Hallett; Robert S. Hamada; Alice M. Peterson; Edward C. Jouillian III; and Guy A. Osborn.

tions in the Northern District of Texas for coordinated or consolidated pretrial proceedings. Fleming's outside auditor, Deloitte & Touche, supports centralization in this district. Plaintiff in one Eastern District of Texas action (who has been appointed lead plaintiff in the eleven consolidated Eastern Texas securities actions) agrees that centralization is appropriate, but suggests selection of the Eastern District of Texas as transferee district. Plaintiffs in the Eastern Texas derivative action and in the two Oklahoma actions oppose 1407 centralization. If the Panel deems centralization appropriate, the Eastern Texas derivative plaintiff supports centralization in the Eastern District of Texas, while the Oklahoma plaintiffs suggest selection of the Western District of Oklahoma as transferee district.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of alleged misrepresentations or omissions by defendants relating to Fleming's price-impact stores and its vendor deductions practices which allegedly artificially inflated the price of Fleming securities. Whether the actions be brought by securities holders seeking relief under the federal securities laws or a shareholder suing derivatively on behalf of Fleming, all actions can be expected to focus on a significant number of common events, defendants, and/or witnesses. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary. *See In re Enron Corp. Sec., Derivative & "ERISA" Li-*

*tig.,* 196 F.Supp.2d 1375 (Jud.Pan. Mult.Lit.2002). We also point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

■ The Panel is persuaded that the Eastern District of Texas is an appropriate transferee forum for this litigation. We note that i) fourteen of the seventeen related actions are already pending there, and ii) Judge T. John Ward has had an opportunity to become familiar with this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Eastern District of Texas are transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable T. John Ward for coordinated or consolidated pretrial proceedings with the actions pending there.

## SCHEDULE A

*MDL–1530—In re Fleming Companies Inc. Securities & Derivative Litigation*

*Western District of Oklahoma*

*Anthony Colarich, et al. v. Fleming Companies, Inc., et al.,* C.A. No. 5:03–177

*Terry Slater v. Fleming Companies, Inc., et al.,* C.A. No. 5:03–178

*Eastern District of Texas*

*William Gaynor, Jr., et al. v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–178

*Janis Dolan v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–190

*Stanley Sved v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–198

*Denis Patterson v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–205

*Alfred S. Huk v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–208

*Jerald Gordon v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–212

*Virginia Rudisill v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–218

*William M. Eglinton v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–222

*Jackson Capital Management, LLC v. Mark Hansen, et al.,* C.A. No. 5:02–223

*Sharee Stroud, etc. v. Mark S. Hansen, et al.,* C.A. No. 5:02–236

*Margery O. Northup v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–237

*D.X. Larocca, et al. v. Fleming Companies, Inc., et al.,* C.A. No. 5:02–239