### In re FLEMING COMPANIES INC. SECURITIES & DERIVATIVE LITIGATION

Twin City Fire Insurance Co. v. Fleming Companies, Inc., et al., D. Delaware, Bky. Advy. No. 1:04–55527

No. 1530.

Judicial Panel on Multidistrict Litigation.

April 20, 2005.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

### *TRANSFER ORDER*

WM. TERRELL HODGES, Chairman.

Presently before the Panel is a motion, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), by plaintiff in this adversary proceeding (*Twin City* ) to vacate the Panel's order conditionally transferring the action to the Eastern District of Texas for inclusion in the Section 1407 proceedings occurring there in this docket. The Fleming defendants [1] oppose the motion to vacate and favor inclusion of *Twin City* in MDL–1530 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that

---

1. Fleming Companies, Inc. (Fleming), Mark  Hansen, Neal J. Rider, Mark D. Shapiro,

this action involves common questions of fact with the actions in this litigation previously transferred to the Eastern District of Texas, and that transfer of the action to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The Panel further finds that transfer is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. The Panel held that the Eastern District of Texas was a proper Section 1407 forum for actions arising out of alleged misrepresentations or omissions by defendants relating to Fleming's price-impact stores and its vendor deductions practices. *See In re Fleming Companies Inc. Securities & Derivative Litigation,* 269 F.Supp.2d 1374 (Jud.Pan. Mult.Lit.2003).

Plaintiff's objection to Section 1407 transfer is based in part on the ground that the *Twin City* adversary proceeding does not share sufficient questions of fact with previously centralized actions to warrant inclusion in Section 1407 proceedings. We disagree. We point out that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation,* 407 F.Supp. 1403, 1404 (Jud.Pan. Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation,* 152 F.Supp.2d 1378 (Jud.Pan.Mult.Lit.2001). We also point out that the Panel has never found any impediment regarding the Panel's authority to transfer an adversary proceeding under Section 1407. *In re Phar-Mor, Inc., Securities Litigation,* 1994 WL 41830 (Jud.Pan.Mult.Lit.1994) (citing several other examples).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable T. John Ward for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

Thomas G. Dahlen, E. Stephen Davis, Herbert M. Baum, Kenneth M. Duberstein, Archie R. Dykes, Carol R. Hallet, Robert S. Hamada,

Alice M. Peterson, Edward C. Jouillian III and Guy A. Osborn.