# In Re EPHEDRA PRODUCTS LIABILITY LITIGATION

## No. 1598.

Judicial Panel on Multidistrict Litigation.

Feb. 16, 2006.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,* ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

## TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

Presently before the Panel are motions by various defendants,[1] pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), to vacate the Panel's orders conditionally transferring the actions listed on Schedule A to the Southern District of New York for inclusion in the Section 1407 proceedings occurring there in this docket. Plaintiffs in these actions along with the Metabolife Official Committee of Unsecured Creditors oppose the motions and favor inclusion of the actions in MDL–1598 proceedings.

On the basis of the papers filed and hearing session held, the Panel finds that these actions involve common questions of fact with actions in this litigation previously transferred to the Southern District of New York, and that transfer of the actions to that district for inclusion in the coordinated or consolidated pretrial proceedings occurring there will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litiga-

tion. The Panel further finds that transfer of these actions is appropriate for reasons expressed by the Panel in its original order directing centralization in this docket. In that order, the Panel held that the Southern District of New York was a proper Section 1407 forum for actions involving claims of liability for the allegedly adverse effects of ingesting ephedra-containing products. *See In re Ephedra Products Liability Litigation*, 314 F.Supp.2d 1373 (Jud.Pan.Mult.Lit.2004).

Opposing defendants argue that 1) in the order fixing venue under 28 U.S.C. § 157(b)(5) for trial of all ephedra personal injury tort/wrongful death (PITWD) Metabolife actions in the Southern District of California, the California district court did not contemplate that all PITWD actions would be subsequently transferred under Section 1407 to the Southern District of New York for inclusion in continuing MDL–1598 pretrial proceedings; and 2) in light of the fact that these actions are currently subject to the bankruptcy stay, no reason exists to include them in MDL–1598 proceedings at this time. We are unpersuaded by these arguments. In its order, the California district court recognized that MDL–1598 proceedings involving approximately 200 Metabolife PITWD actions are ongoing in the New York district and ordered that these actions should remain in the Southern District of New York until such time, if any, that trial of the actions becomes appropriate. The California district court also denied without prejudice all requests for relief regarding pretrial management of the non–MDL–1598 Metabolife actions which it ordered transferred under Section 157(b)(5) to the Southern District of California.

---

* Judge Motz took no part in the decision of this matter.

1. Metabolife International, Inc. (Metabolife); Alpine Health Products, LLC; The Chemins Company, Inc.; American Drug Stores, Inc.; Costco Wholesale Corp.; Rite Aid Corp.; Sam's West, Inc.; Target Corp.; Wal–Mart Stores, Inc.; and Wal–Mart Stores Texas, LP.

While we applaud the ongoing efforts of the California bankruptcy court and the MDL–1598 court to coordinate mediation and other pretrial proceedings, inclusion of all Metabolife PITWD actions in MDL–1598 proceedings has the salutary effect of placing all the related actions before a single judge who can formulate a pretrial program that: 1) prevents repetition of previously considered matters, *see In re Vioxx Products Liability Litigation,* MDL–1657 (J.P.M.L. December 2, 2005) (unpublished order); and 2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. *See In re StarLink Corn Products Liability Litigation,* 152 F.Supp.2d 1378 (Jud.Pan. Mult.Lit.2001). To hold otherwise would essentially create a second pretrial proceeding for more than 160 ephedra PITWD actions-the antithesis of the efficiency sought by both Section 1407 and the Bankruptcy Code.[2] The MDL transferee judge is in the best position to determine when the PITWD Metabolife actions should be remanded under Section 1407(a) to the Southern District of California and procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436–38.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A[3] are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Jed S. Rakoff for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

## SCHEDULE A

*MDL–1598—In re Ephedra Products Liability Litigation*

*Southern District of California*

Linda Llewellyn, et al. v. Metabolife International, Inc., et al., C.A. No. 3:06–187 (Formerly S.D. California, Bky. Advy. No. 3:05–90411)

Patricia Naugle v. Metabolife International, Inc., et al., C.A. No. 3:06–188 (Formerly S.D. California, Bky. Advy. No. 3:05–90413)

Dee Dee Friddle, et al. v. Metabolife International, Inc., et al., C.A. No. 3:06–191 (Formerly S.D. California, Bky. Advy. No. 3:05–90412)

Dora Morris, et al. v. Metabolife International, Inc., et al., C.A. No. 3:06–192 (Formerly S.D. California, Bky. Advy. No. 3:05–90417)

Joann Maloney, et al. v. Metabolife International, Inc., et al., C.A. No. 3:06–193 (Formerly S.D. California, Bky. Advy. No. 3:05–90422)

Barbara Bower v. Metabolife International, Inc., et al., C.A. No. 3:06–194 (Formerly S.D. California, Bky. Advy. No. 3:05–90424)

Terrill Armbrister v. Metabolife International, Inc., et al., C.A. No. 3:06–196 (Formerly S.D. California, Bky. Advy. No. 3:05–90421)

**2.** *In re United States Lines, Inc.,* C.A. No. 97–6727, 1998 WL 382023, at * 7 (S.D.N.Y. July 9, 1998), *aff'd,* 216 F.3d 228 (2d Cir.2000). *See also In re Dow Corning Corp.,* 187 B.R. 919 (E.D.Mich.1995), *rev'd on other grounds,* 103 F.3d 129 (6th Cir.1996).

**3.** Southern District of California civil action numbers have not yet been assigned to some of the actions listed on Schedule A, which were pending outside the Southern District of California when the Panel issued its conditional transfer orders. In essence, these actions are now venued in the California federal district by virtue of the November 3, 2005, Section 157(b)(5) transfer.

*Dennis Chaney v. Metabolife International, Inc., et al.,* C.A. No. 3:06–197 (Formerly S.D. California, Bky. Advy. No. 3:05–90416)

*Wendy Davis v. Metabolife International, Inc., et al.,* C.A. No. 3:06–198 (Formerly S.D. California, Bky. Advy. No. 3:05–90415)

*Jacqueline Lee Brock, et al. v. Metabolife International, Inc.,* C.A. No. 3:06–199 (Formerly S.D. California, Bky. Advy. No. 3:05–90414)

*Carol Smith v. Metabolife International, Inc., et al.,* C.A. No. 3:06–200 (Formerly S.D. California, Bky. Advy. No. 3:05–90423)

*Opal Jenkins v. Metabolife International, Inc., et al.,* C.A. No. 3:06–214 (Formerly E.D. Arkansas, Bky. Advy. No. 2:05–1265)

*Northern District of Illinois*

*Edward Foster, et al. v. Metabolife International, Inc., et al.,* C.A. No. 1:05–4759

*Southern District of Illinois*

*John Paul Hawkins v. Metabolife International, Inc., et al.,* Bky. Advy. No. 3:05–3281

*District of New Mexico*

*Emily Lujan v. Chemins Co., Inc., et al.,* Bky. Advy. No. 1:05–1212

*Southern District of Ohio*

*Sherri Watters v. Metabolife International, Inc., et al.,* C.A. No. 1:05–444

*Northern District of Texas*

*Philip Christopher Overstreet v. Metabolife International, Inc., et al.,* C.A. No. 3:05–1923

*Southern District of Texas*

*Jason McMeekin v. Metabolife International, Inc., et al.,* C.A. No. 3:05–519

*Western District of Texas*

*Leatrice J. Lewis v. Metabolife International, Inc., et al.,* C.A. No. 5:05–948