In re: PHARMACEUTICAL INDUS-
TRY AVERAGE WHOLESALE
PRICE LITIGATION

State of Utah v. Actavis US, Inc., et
al., D. Utah, C.A. No. 2:07–870

State of Utah v. Abbott Laboratories,
et al., D. Utah, C.A. No. 2:07–899.

MDL No. 1456.

United States Judicial Panel on
Multidistrict Litigation.

April 4, 2008.

Before D. LOWELL JENSEN, Acting Chairman, JOHN G. HEYBURN II, Chairman *, J. FREDERICK MOTZ *, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL, DAVID R. HANSEN and ANTHONY J. SCIRICA *, Judges of the Panel.

## TRANSFER ORDER

D. LOWELL JENSEN, Acting Chairman.

**Before the entire Panel \*:** Plaintiff State of Utah moves pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001), asking the Panel to vacate its orders conditionally transferring these actions to the District of Massachusetts for inclusion in MDL No. 1456. All defendants in both actions oppose the motions.

After considering all counsel's argument, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the District of Massachusetts, and that transfer of both actions to the District of Massachusetts for inclusion in MDL No. 1456 will serve the convenience of the parties and witnesses

---

\* Judges Heyburn, Motz and Scirica took no part in the disposition of this matter.

Other Panel members who could be members of the certified nationwide class in this litigation have renounced their participation in this class and have participated in this decision. Alternatively, to the extent that this disqualification should be determined for any reason to

survive the renunciation, the Panel invokes the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (J.P.M.L.2001).

and promote the just and efficient conduct of this litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the District of Massachusetts was a proper Section 1407 forum for actions concerning whether (either singly or as part of a conspiracy) the pharmaceutical defendants engaged in fraudulent marketing, sales and/or billing schemes to unlawfully inflate the price of certain prescription drugs. *See In re Pharmaceutical Industry Average Wholesale Price Utigation,* 201 F.Supp.2d 1378 (J.P.M.L.2002).

Plaintiff can present its pending motions for remand to state court to the transferee judge. *See, e.g., In re Ivy,* 901 F.2d 7 (2d Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (J.P.M.L.2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are transferred to the District of Massachusetts and, with the consent of that court, assigned to the Honorable Patti B. Saris for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.