### In re CARDIAC DEVICES QUI TAM LITIGATION

#### No. 1505.

Judicial Panel on Multidistrict Litigation.

March 5, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, JR., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation consists at the present time of the 35 actions listed on the at-tached Schedule A and pending in 25 districts as follows: three actions each in the Central District of California and the Eastern District of Michigan; two actions each in the Northern District of Georgia, the Northern District of Illinois, the Southern District of Indiana, the District of Massachusetts, the Eastern District of Missouri, and the Northern District of Texas; and one action each in the Northern District of California, the District of Connecticut, the District of District of Columbia, the Middle District of Florida, the District of Maryland, the Eastern and Southern Districts of New York, the Middle District of North Carolina, the Northern District of Ohio, the District of Oregon, the Eastern District of Pennsylvania, the Middle and Western Districts of Tennessee, the Eastern District of Virginia, the Eastern and Western Districts of Washington, and the Eastern District of Wisconsin.[1] These actions are all *qui tam* actions brought principally for violations of the federal False Claims Act against hospital defendants that allegedly have knowingly submitted false claims to various governmental health care programs.[2] Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by i) Kevin Cosens, the individual who is the relator in all

---

* Judge Motz took no part in the decision of this matter.

1. Five additional actions, two then pending in the Middle District of Florida, and one each in the District of Oregon, the Southern District of Texas, and the District of Utah, respectively, were included in the motion now before the Panel. Those actions, however, have since been dismissed and, accordingly, the motion before the Panel is now moot insofar as it pertained to those five actions.

2. The Act, 28 U.S.C. § 3730 et seq., is one of the federal government's weapons against fraud. The statute's *qui tam* (or whistleblower) provisions provide an incentive for individuals with information about fraud against the U.S. to file civil suits on the behalf of the U.S. and to be rewarded with a share of the Government's recovery. These individuals (known as "relators") are required by the Act to file their actions *in camera*. Upon filing, the actions must remain under seal for at least 60 days and may not be served on the defendant until the court so orders. This period is intended to allow the Government an adequate opportunity to fully evaluate the private enforcement suit and determine both if that suit involves matters the Government is already investigating and whether it is in the Government's interest to intervene and take over the prosecution of the action. The Act further provides that the Government may, for good cause shown, move the court for extensions of time during which the complaint remains under seal and unserved.

actions, and ii) plaintiff United States (which has opted to intervene in all but one of the actions). Movants seek to centralize this litigation in the Western District of Washington. All defendants have responded in opposition to centralization.

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions before the Panel were originally part of a single *qui tam* action filed against 132 hospital defendants by relator Cosens in the Western District of Washington in March 1994.[3] Each defendant was accused of submitting, between 1986 and 1994, false claims for payment to federal health insurance programs for procedures performed using various cardiac devices which had not received final Food and Drug Administration approval for marketing. Among other things, these actions can be expected to share factual and legal questions concerning i) the common relator's status as an "original source," ii) defenses that the claims are impermissibly based on prior "public disclosures," iii) the United States conduct in investigating and prosecuting the claims since the 1994 filing of the Western District of Washington action, iv) the various cardiac devices at issue that were used by more than one hospital, and v) the validity and applicability of the governing federal health care regulations and provisions. We thus conclude that centralization under Section 1407 is necessary to eliminate duplicative discovery,

prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. To those parties opposing transfer on the basis of insufficient common questions, we accept that distinctions among the actions may prove to be such that certain actions or claims therein can be ready for remand in advance of other claims or actions. In that event, we point out that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 424, 436–438 (2001). In the meantime, transfer under Section 1407 will offer the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that will occur or has already occurred in other actions. We note also that Section 1407 transfer has the additional salutary effect of placing the actions before one judge who can formulate a pretrial program that: i) allows discovery with respect to any non-common issues to proceed concurrently with remaining discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L.1976); and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

Given the range of locations of parties and witnesses in this docket and the geo-

---

**3.** The Section 1407 movants settled or dismissed their claims against many of the defendants in the Washington action. With respect to the remaining defendants in the action that were not located within the Western District of Washington, the movants have since moved successfully for severance

and transfer of venue of the claims against those defendants to their home districts. This process, which has occurred largely between the beginning of April and the end of September 2002, is what accounts for the 34 MDL–1505 actions now pending outside the Washington district.

graphic dispersal of current and anticipated constituent actions, it is clear that a wide array of suitable transferee districts exists. In concluding that the District Connecticut is an appropriate forum for this docket, we note that most of the parties in this litigation are in the eastern part of the United States, and thus the Connecticut district will prove to be convenient for many of the litigants. Furthermore, centralization in the Connecticut forum permits the Panel to assign this litigation to i) a court presently equipped with the resources that this complex docket is likely to require, and ii) an available transferee judge who, as a result of his currently presiding over other litigation involving the validity of the core government regulations involved in MDL–1505, has already developed a familiarity and expertise with the underlying issues presented in this litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Connecticut are transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Gerard L. Goettel for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

## SCHEDULE A

*MDL–1505—In re Cardiac Devices Qui Tam Litigation*

*Central District of California*

United States ex rel. Kevin D. Cosens, et al. v. Cedars–Sinai Medical Center, C.A. No. 2:02–3264

United States ex rel. Kevin D. Cosens, et al. v. Hospital of Good Samaritan, C.A. No. 2:02–6152

United States ex rel. Kevin D. Cosens, et al. v. Loma Linda University Medical Center, C.A. No. 2:02–6153

*Northern District of California*

United States ex rel. Kevin D. Cosens, et al. v. Stanford University, C.A. No. 3:99–4121

*District of Connecticut*

United States ex rel. Kevin D. Cosens, et al. v. Yale–New Haven Hospital, C.A. No. 3:02–688

*District of District of Columbia*

United States ex rel. Kevin D. Cosens, et al. v. Washington Hospital Center, C.A. No. 1:02–812

*Middle District of Florida*

United States ex rel. Kevin D. Cosens, et al. v. Florida Hospital Medical Center, C.A. No. 6:02–452

*Northern District of Georgia*

United States ex rel. Kevin D. Cosens, et al. v. Crawford Long Hospital of Emory University, et al., C.A. No. 1:02–1011

United States ex rel. Kevin D. Cosens, et al. v. St. Joseph's Hospital of Atlanta, C.A. No. 1:02–2368

*Northern District of Illinois*

United States ex rel. Kevin D. Cosens, et al. v. Northwestern Memorial Hospital, C.A. No. 1:02–2985

United States ex rel. Kevin D. Cosens, et al. v. Foster G. McGraw Hospital, C.A. No. 1:02–2986

*Southern District of Indiana*

United States ex rel. Kevin D. Cosens, et al. v. Methodist Hospital of Indiana, C.A. No. 1:02–1419

United States ex rel, Kevin D. Cosens, et al. v. St. Vincent Hospital and Health Care Center, C.A. No. 1:02–1420

*District of Maryland*

United States ex rel. Kevin D. Cosens, et al. v. Johns Hopkins Hospital, C.A. No. 1:02–3234

*District of Massachusetts*

United States ex rel. Kevin D. Cosens, et al. v. Massachusetts General Hospital, et al., C.A. No. 1:02–11306

United States ex rel. Kevin D. Cosens, et al. v. Lahey Clinic Hospital, Inc., C.A. No. 1:02–11307

*Eastern District of Michigan*

United States ex rel. Kevin D. Cosens, et al. v. William Beaumont Hospital, C.A. No. 2:02–73754

United States ex rel. Kevin D. Cosens, et al. v. St. Joseph Mercy Hospital, C.A. No. 2:02–73946

United States ex rel. Kevin D. Cosens, et al. v. Harper Hospital, C.A. No. 2:02–74025

*Eastern District of Missouri*

United States ex rel. Kevin D. Cosens, et al. v. St. Louis University Hospital, C.A. No. 4:02–1390

United States ex rel. Kevin D. Cosens, et al. v. Jewish Hospital of St. Louis, C.A. No. 4:02–1391

*Eastern District of New York*

United States ex rel. Kevin D. Cosens, et al. v. St. Francis Hospital, Roslyn, C.A. No. 2:02–2324

*Southern District of New York*

United States ex rel. Kevin D. Cosens, et al. v. Montefiore Medical Center, C.A. No. 1:02–7768

*Middle District of North Carolina*

United States ex rel. Kevin D. Cosens, et al. v. Duke University Medical Center, C.A. No. 1:99–746

*Northern District of Ohio*

United States ex rel. Kevin D. Cosens, et al. v. [Sealed], et al., C.A. No. 1:99–2162

*District of Oregon*

United States ex rel. Kevin D. Cosens, et al. v. St. Vincent Hospital and Medical Center, C.A. No. 3:02–1259

*Eastern District of Pennsylvania*

United States ex rel. Kevin D. Cosens, et al. v. Hospital of the University of Pennsylvania, et al., C.A. No. 2:02–7297

*Middle District of Tennessee*

United States ex rel. Kevin D. Cosens, et al. v. St. Thomas Hospital, C.A. No. 3:02–885

*Western District of Tennessee*

United States ex rel. Kevin D. Cosens, et al. v. Methodist Hospital of Memphis, C.A. No. 2:02–2719

*Northern District of Texas*

United States ex rel. Kevin D. Cosens, et al. v. Baylor University Medical Center, C.A. No. 3:02–2001

United States ex rel. Kevin D. Cosens, et al. v. Methodist Hospital, Lubbock, Texas, C.A. No. 5:02–239

*Eastern District of Virginia*

United States ex rel. Kevin D. Cosens, et al. v. Sentara Norfolk General Hospital, C.A. No. 2:02–727

*Eastern District of Washington*

United States ex rel. Kevin D. Cosens, et al. v. Sacred Heart Medical Center, et al., C.A. No. 2:02–127

*Western District of Washington*

United States ex rel, Kevin D. Cosens, et al. v. Providence Medical Center, C.A. No. 2:94–474

*Eastern District of Wisconsin*

*United States ex rel. Kevin D. Cosens, et al. v. St. Luke's Medical Center, Inc., et al.,* C.A. No. 2:02–901