## In re: KAPLAN HIGHER EDUCATION CORP. QUI TAM LITIGATION.

### MDL No. 2057.

United States Judicial Panel on Multidistrict Litigation.

June 10, 2009.

Before J. FREDERICK MOTZ, Acting Chairman, JOHN G. HEYBURN II, Chairman *, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, W. ROYAL FURGESON, JR. and FRANK C. DAMRELL, JR., Judges of the Panel.

### TRANSFER ORDER

J. FREDERICK MOTZ, Acting Chairman.

**Before the entire Panel \*:** Relator in an action in N.D. Illinois (*Torres*) has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Northern District of Illinois. Two relators in the Southern District of Florida action (*Ur-*

*quilla–Diaz*) and relator in a District of Nevada potential tag-along action (*Jajdelski*) support centralization in N.D. Illinois. Another relator in *Urquilla–Diaz* supports centralization in the Southern District of Florida. Relator in the Western District of Pennsylvania action (*Gatsiopoulos*) and Kaplan Higher Education Corp. (Kaplan), a defendant in all actions, oppose centralization. Alternatively, if the Panel centralizes the litigation, Kaplan requests that the Panel delay transfer until after rulings are made on pending motions to dismiss.

This litigation currently consists of three actions listed on Schedule A and pending, respectively, in the following three districts: the Southern District of Florida, Northern District of Illinois and the Western District of Pennsylvania.[1]

On the basis of the papers filed and hearing session held, we find that these three actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are *qui tam* actions, brought pursuant to the False Claims Act, 31 U.S.C. § 3729, *et seq.* (FCA), against Kaplan and/or its affiliates for violation of Title IV of the Higher Education Act.[2] Factual questions shared among the actions arise from Kaplan's alleged practice of providing incentive compensation to its recruiters of

---

\* Judge Heyburn took no part in the decision of this matter.

1. In addition to the three actions now before the Panel, the parties have notified the Panel of a related action pending in the District of Nevada. This action and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. The FCA is one of the Federal Government's weapons against fraud. Under the FCA's *qui tam* (or whistleblower) provisions, an individ-

ual relator can file an action on behalf of the Federal Government for alleged fraud against the Government. The relator files the action under seal, which gives the Government an opportunity to investigate the allegations and make a determination as to whether it will intervene. The Government has declined to intervene in all actions currently before the Panel. A prevailing relator is entitled to a share of anything recovered on the Government's behalf, with the remainder going to the Government.

students. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

The parties opposing the motion argue, *inter alia,* that (1) there are only a few actions involved in this litigation; and (2) centralization is unnecessary given that the FCA's "first to file" provision will likely result in all but one of the actions being dismissed. Based upon the Panel's precedents and for the following reasons, we respectfully disagree with these arguments. It may be, given the unique nature of *qui tam* claims under the FCA, that pretrial proceedings involving certain actions or claims may be resolved in advance of other actions to this litigation. In the meantime, however, centralizing these related actions under Section 1407 will foster a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings, including the resolution of Kaplan's motions to dismiss, will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties and the judiciary. *See In Re Cardiac Devices Qui Tam Litigation,* 254 F.Supp.2d 1370, 1372 (J.P.M.L.2003).

Should the circumstances regarding any action in MDL No. 2057 develop such that the transferee judge determines that continued inclusion of a claim or action no longer remains advisable and, accordingly, the transferee judge deems Section 1407 remand of any claim or action appropriate, procedures are available whereby such remand may be accomplished with a minimum of delay following a suggestion of remand to the Panel by the transferee judge. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001).

We are persuaded that the Southern District of Florida is an appropriate transferee forum. The Southern District of Florida is where witnesses and documents may be found, inasmuch as Kaplan maintains a headquarters and a place of business there. Further, by centralizing this litigation before Judge Patricia A. Seitz, we are assigning this docket to a seasoned jurist who has the experience necessary to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Florida are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Patricia A. Seitz for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

MDL NO. 2057 — **IN RE: KAPLAN HIGHER EDUCATION CORP. QUI TAM LITIGATION**

*Southern District of Florida*

*United States ex rel. Carlos Urquilla–Diaz, et al. v. Kaplan University, et al.,* C.A. No. 1:09–20756

*Northern District of Illinois*

*United States ex rel. Jorge Torres v. Kaplan Higher Education Corp.,* C.A. No. 1:07–5643

*Western District of Pennsylvania*

*United States ex rel. Victoria G. Gatsiopoulos, et al. v. ICM School of Busi-*

*ness & Medical Careers, et al.*, C.A. No. 2:06–1452