**In re INITIAL PUBLIC OFFERING (IPO) SECURITIES LITIGATION**

**No. 1554.**

Judicial Panel on Multidistrict Litigation.

Aug. 12, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of more than 1,100 actions pending in the Southern District of New York (and presently consolidated into 309 actions according to the involved initial public offering (IPO) issuer), and one action in the Southern District of Florida.[1] Before the Panel is a motion, pursuant to 28 U.S.C. § 1407, by the 309 court-appointed lead plaintiffs in the New York actions to transfer the Florida action to the Southern District of New York for coordinated or consolidated pretrial proceedings with the actions pending there. The CSFB defendants[2] support Section 1407 centralization. The Florida plaintiffs oppose inclusion of their action in any Section 1407 proceedings.

■ On the basis of the papers filed and hearing session held, the Panel finds that

---

1. Moving plaintiffs later amended their Section 1407 motion seeking to include an additional action—*Larry L. Cannon v. Citigroup Global Markets, Inc., et al.,* D. Colorado, C.A. No. 1:03–888—in centralized pretrial proceedings in this docket. Plaintiffs subsequently withdrew their amended motion and all responding parties in *Cannon* agree that inclusion of this action in MDL–1554 proceedings is not appropriate.

2. Credit Suisse First Boston LLC (f/k/a Credit Suisse First Boston Corp.), Credit Suisse First Boston (USA), Inc., and Credit Suisse First Boston, Inc. (collectively CSFB).

the actions in this litigation involve common questions of fact, and that centralization in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Although the Florida plaintiffs have recently amended their complaint in order to minimize the overlap of parties, issuers and class periods between the Florida action and the New York IPO actions, these actions continue to involve common factual questions arising out of allegations that underwriters—including CSFB—and IPO issuers are responsible for misrepresentations in issuers' prospectuses and/or in underwriter research analyst reports and/or misused the research reports in order to manipulate the price of issuers' securities in the IPO aftermarket. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. We also point out that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: 1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (Jud.Pan.Mult.Lit.1979); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. We leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

■ The Panel is persuaded that the Southern District of New York, where numerous actions are already well underway before Judge Shira A. Scheindlin, is an appropriate transferee district for this litigation. We note that this district i) is conveniently located for many parties and witnesses, and ii) possesses the necessary resources to be able to continue to devote the substantial time and effort to pretrial matters that this complex docket has demonstrated to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on the attached Schedule A and pending in the Southern District of Florida is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira A. Scheindlin for coordinated or consolidated pretrial proceedings with the actions pending there.

IT IS FURTHER ORDERED that plaintiffs' amended motion for inclusion of *Larry L. Cannon v. Citigroup Global Markets, Inc., et al.,* D. Colorado, C.A. No. 1:03–888, in MDL–1554 proceedings is deemed withdrawn.

### SCHEDULE A

*MDL–1554—In re Initial Public Offering (IPO) Securities Litigation*

*Southern District of Florida*

*Amy Liu, et al. v. Credit Suisse First Boston Corp., et al.,* C.A. No. 1:03–20459

*Southern District of New York*

309 consolidated actions coordinated for pretrial litigation as:

*In re Initial Public Offering Securities Litigation,* 21 MC 92(SAS)