**IN RE: TOYOTA MOTOR CORP. HYBRID BRAKE MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION.**

**MDL No. 2172.**

United States Judicial Panel on Multidistrict Litigation.

Aug. 17, 2010.

**1376**

Before JOHN G. HEYBURN II, Chairman, ROBERT L. MILLER, JR., KATHRYN H. VRATIL *, DAVID R. HANSEN, W. ROYAL FURGESON, JR., FRANK C. DAMRELL, JR. and BARBARA S. JONES, Judges of the Panel.

_____

**TRANSFER ORDER**

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel \*:** Plaintiffs in three Central District of California actions have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California. Plaintiffs in the Eastern District of Kentucky and Northern District of Texas actions and responding defendants[1] support the motion. The Eastern District of Kentucky plaintiff alternatively suggests centralization in the Eastern District of Kentucky. Plaintiffs in the Central District of California *Creighton* action oppose inclusion of their action and several other actions in "consolidated"

proceedings, but support "coordination" of all actions in the Central District of California for purposes of discovery.

This litigation currently consists of eight actions listed on Schedule A and pending in five districts as follows: four actions in the Central District of California, and one action each in the Middle District of Alabama, the Eastern District of Kentucky, the District of Maryland, and the Northern District of Texas.[2]

■ On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations of the same defect in the braking system of Toyota hybrid vehicles. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

■ Certain plaintiffs oppose "consolidation" of these actions but argue that all actions belong in the Central District of California for purposes of discovery. We agree that transfer of all related actions to a single judge has the streamlining effect of fostering a pretrial program that: (1)

---

* Judge Vratil did not participate in the disposition of this matter.

1. Toyota Motor Corp.; Toyota Motor Sales, U.S.A., Inc.; Toyota Motor North America, Inc.; Toyota Motor Engineering & Manufacturing North America, Inc.; and Toyota Motor Manufacturing Kentucky, Inc. (collectively Toyota).

2. The parties have notified the Panel that three additional related actions are pending, one action each in the Central District of California, the Eastern District of New York, and the Southern District of Ohio. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi–Piece Rim Products Liability Litigation,* 464 F.Supp. 969, 974 (J.P.M.L.1979); and (2) ensures that pretrial proceedings are conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. However, we leave to the discretion of the transferee judge the extent of coordination or consolidation among these actions.

██ We are persuaded that the Central District of California is an appropriate transferee forum for this litigation. Defendants maintain their United States corporate headquarters within this district, and relevant documents and witnesses are likely located there. Moreover, this district has unanimous support among the responding parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Cormac J. Carney for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that this litigation is renamed "In re: Toyota Motor Corp. Hybrid Brake Marketing, Sales Practices and Products Liability Litigation."

## SCHEDULE A

MDL No. 2172 — IN RE: TOYOTA MOTOR CORP. HYBRID BRAKE MARKETING, SALES PRACTICES, AND PRODUCT LIABILITY LITIGATION

*Middle District of Alabama*

*Johnny E. Griffin v. Toyota Motor Corp., et al.,* C.A. No. 1:10–114

*Central District of California*

*Lisa Creighton, et al. v. Toyota Motor Corp., et al.,* C.A. No. 2:10–946

*Jessica M. Kramer v. Toyota Motor Corp., et al.,* C.A. No. 2:10–1154

*Michael Choi v. Toyota Motor Sales, USA, Inc., et al.,* C.A. No. 8:10–154

*Alexsandra Del Real v. Toyota Motor Sales, USA, Inc., et al.,* C.A. No. 8:10–173

*Eastern District of Kentucky*

*Christine Stadler v. Toyota Motor North America, Inc., et al.,* C.A. No. 2:10–30

*District of Maryland*

*Bridgette Scott v. Toyota Motor North America, Inc., et al.,* C.A. No. 8:10–450

*Northern District of Texas*

*Michael Scholten v. Toyota Motor Corp., et al.,* C.A. No. 3:10–295